## STATE v. NELSON.

No. 3252. Decided Nov. 29, 1918. (176 Pac. 860.)

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—INFORMATION. Where the preliminary examination was as to statutory rape committed on July 13th the state could not try the accused for a different act committed on the same girl on July 15th, under Comp. Laws 1907, Section 4737, and Const. art. 1, Section 13.[1] (Page 620.)

2. CRIMINAL LAW—ELECTION. Where a trial was had only as to a crime committed on July 13th, resulting in a hung jury, there was an election, and on a retrial the state should not have been allowed, under the same information, to elect to try the accused for a crime committed on July 15th, at a different place and under different circumstances. (Page 628.)

[1] *State v. Jensen*, 34 Utah, 168, 96 Pac. 1085; *State v. Hoben*, 36 Utah, 186, 102 Pac. 1000; *State v. Pay*, 45 Utah, 412, 146 Pac. 300, Ann. Cas. 1917E, 173; *State v. Sheffield*, 45 Utah, 426, 146 Pac. 306.

Appeal from the District Court of Millard County, Fifth District; *Hon. D. H. Morris,* Judge.

W. Percy Nelson was convicted of carnally knowing a female under 18 and over 13 years of age, and he appeals.

REVERSED, and new trial granted.

*Walton & Walton* for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for the State.

THURMAN, J.

Appellant was convicted in the district court of Millard County upon an information charging him with the crime of carnal knowledge of a female under eighteen and over thirteen years of age. The crime was alleged to have been committed on the 13th day of July, 1917. The information was based upon a preliminary examination theretofore held by an examining magistrate. The complaint upon which the preliminary examination was held charged the act of unlawful intercourse as having occurred on the 13th day of July, 1917, and the proof submitted at the examination was limited entirely to the act as having been committed on that day. In fact, as disclosed by the record, there was no suggestion in the evidence before the committing magistrate of any act of unlawful intercourse at any other time. A trial was had upon the information based upon this examination, commencing on the 28th day of February, 1918. The testimony tended to show the act was committed July 13, 1917, as alleged in the information, in an automobile in front of the residence of one Slaughter, in the town of Hinckley, Millard County. The testimony at the trial was substantially the same as that given in the preliminary examination. The jury failed to agree. A mistrial resulted, and the jury was discharged. On March 4th next succeeding, during the same

term of court, the case was again called for trial. Before proceeding with the trial counsel for the state, addressing the court, stated there had been two acts of intercourse between the defendant and the complaining witness, one on the 13th day of July, 1917, and one on the 15th of the same month, and the state would elect to stand on the act committed on the 15th. Counsel for defendant thereupon objected to the reception of evidence of any such transaction on the 15th of July as incompetent, irrelevant, and immaterial. The question was argued to the court in the absence of the jury. The court, assuming, under Comp. Laws Utah 1907, section 4737, that the precise time of the commission of an offense as alleged in the information is not material as long as it is within the statute of limitations, overruled the defendant's objection, and the trial proceeded. The testimony of the prosecutrix at this trial tended to show that the act of intercourse occurred inside of what is called the "grand stand" in the town of Hinckley, on the 15th day of July, 1917, and that there was also another act of intercourse between herself and the defendant on the 13th day of the same month in an automobile in front of Slaughter's residence, as testified to in the former trial and at the preliminary examination. The trial resulted in a conviction. Defendant appeals, and assigns as error the admission and rejection of certain evidence, and also challenges the validity of certain instructions to the jury.

Two points of vital importance in the administration of justice under our criminal procedure laws are vigorously urged by appellant for our consideration: (1) Was the defendant entitled to a preliminary examination for the offense for which he was tried and convicted, and was that right accorded to him in the present case? and (2) did the first trial of the case for the act alleged to have been committed on the 13th of July, 1917, and the conduct of the state's attorney in connection therewith, amount to an election by the state by which it would be bound on the second trial?

The case is singularly free from doubt or uncertainty as to there being two distinct and separate acts of intercourse

between the parties, one on the 13th and one on the 15th of July, 1917. It is equally certain from the record that there was only one preliminary examination, and that was for the offense alleged to have been committed on the 13th. It is also true that there was but one information filed in the case, and that was for the offense alleged to have been committed on the 13th.

But the defendant was, by election of the state's attorney, against defendant's protest tried and convicted for the offense alleged to have been committed on the 15th, and for this alleged transaction no preliminary examination was had or waived and no information was filed.

The Constitution of this state (article 1, section 13), as far as material here, reads as follows:

"Offenses heretofore required to be prosecuted by indictment, shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the state, or by indictment, with or without such examination and commitment."

This provision of the Constitution is plain and unequivocal. Its meaning cannot be misunderstood by any one who reads it with ordinary care. It means that a felony or an indictable misdemeanor, after the adoption of the Constitution, could only be prosecuted in one of two ways: (1) By information after examination and commitment by a magistrate, unless an examination be waived by the accused with the consent of the state; and (2) by indictment with or without such examination and commitment.

In the present case, as has been shown, the defendant was convicted for an offense committed on the 15th day of July, 1917, for which there had been neither a preliminary examination, information, or indictment, nor had a preliminary examination been waived by the defendant.

No possible fiction in either pleading or practice with which we are familiar can be applied in this case so as to show a substantial compliance with the above provision of the Constitution. It may be admitted, once for all, that the

date of an offense as alleged in the information or indictment, unless it is of the essence of the offense, is immaterial as long as it is within the statute of limitations. Therefore section 4737, Comp. Laws, above referred to, which declares the date to be immaterial, is recognized as being in full force and effect within the purview of its meaning and intent, but, while the date as alleged is immaterial, the actual transaction charged as constituting the offense is always material, and, if controverted, must be established by the evidence before the accused can be convicted.

We are of the opinion that, when the pleader draws an information as contemplated by the Constitution, he must have in mind a particular transaction having the elements of time, place, and circumstance, which transaction in his judgment is unlawful, and if there has been a preliminary examination and commitment, the transaction in mind must be the same transaction for which the accused was previously examined. We cannot believe that an information, under our Constitution, charging a person with crime, is, like the city of Duluth, as described in the famous speech of Proctor Knott, "not confined to any particular spot, but just lying around loose." The very purpose of a preliminary examination in such cases dispels any such delusion. The purpose of a preliminary examination is succinctly stated by Mr. Justice McCarty, then Chief Justice, in *State v. Jensen,* 34 Utah at page 169, 96 Pac. at page 1086:

"The purpose of this provision of the Constitution is to secure to the accused, before he is brought to trial under an information, the right to be advised of the nature of the accusation against him and to be confronted with and given an opportunity to cross-examine the witnesses testifying on behalf of the state. He is thus enabled, if he so desires, to fully inform himself of the facts upon which the state relies to sustain the charge made against him, and be prepared to meet them at the trial."

The purpose of a preliminary examination therefore being, as stated, to secure to the accused the right to be advised of the nature of the accusation against him and to be confronted with and given an opportunity to cross-examine the witnesses

testifying in behalf of the state, it cannot be successfully contended in this case that the provision of the Constitution above quoted was complied with by giving the accused a preliminary examination for one offense and then subjecting him to trial for another.

This is not the first time that the same question, in principle, has been presented to this court for its determination. *State v. Jensen,* supra, and *State v. Hoben,* 36 Utah, 186, 102 Pac. 1000. In the Jensen Case the defendant was charged with the crime of fornication. The information charged the crime to have been committed on the 24th day of July, 1904. A motion to quash the information was sustained by the court, as it appeared on the face of the information that the offense was barred by the statute of limitations. The state was given an opportunity to file a new information. Without giving the defendant another preliminary examination, the district attorney assumed to file a new information charging the defendant with having committed the offense in December, 1904. This brought the transaction within the statute of limitations. There was in that case no evidence before the examining magistrate before whom the preliminary examination was held of any offense whatever in December, 1904, or at any other time than on July 24th of the same year, as charged in the first information. The defendant moved to quash the second information on the ground that he had not had a preliminary examination for the offense charged and had not been bound over and held to answer for any such offense. The motion was overruled, and a plea of not guilty entered. Defendant was tried and convicted. This court on appeal reversed the judgment on the ground that the defendant had not had a preliminary examination for the transaction alleged as an offense. We have heretofore, in another connection, quoted a few lines of the opinion in that case, but the entire opinion on this point, commencing on page 168 of the volume cited (34 Utah), and ending on page 170 (96 Pac. 1086, 1087), is worthy of consideration, as its logic cannot successfully be assailed. The same may be said

of the concurring opinion of Hon. D. N. Straup, then associate justice of this court.

In *State v. Hoben*, the second case above cited, the defendant was charged with an offense similar to that charged in the present case. On the preliminary examination the prosecutrix swore she was born in November, 1888, and that the act of intercourse charged as a crime was committed the last of March or the first of April, 1906, while she was under 18 years of age. No evidence whatever of any other act of intercourse was testified to at the preliminary examination. In fact she there testified that such time was the first occasion of sexual intercourse between herself and the defendant. The complaint before the magistrate charged the date above mentioned, and upon that and the evidence taken at the preliminary the defendant was held to answer to the district court. An information was filed charging the offense as having been committed on the 1st day of April, 1906, in accordance with the complaint and evidence before the examining magistrate. At the trial of the case in the district court the prosecutrix testified to the same effect respecting the date of the crime, but as to her birth stated she was born in November, 1887, instead of 1888, as shown in the preliminary examination. It thus appeared that she was over eighteen years of age when the act was committed. Later in her testimony, however, she stated that defendant had intercourse with her in the first part of November, 1905. She was then under eighteen years of age. This brought the case within the act creating the offense, but the defendant had had no preliminary examination for such offense. The court, in its instructions to the jury, limited their consideration of the facts to the alleged intercourse in November, 1905, as the only transaction for which the defendant could be convicted. The defendant was found guilty, sentenced to a term of imprisonment, and appealed to this court. The principal question presented was as to whether or not, under the circumstances above mentioned, the defendant had had a preliminary examination. The opinion in the case was written by Hon. D. N. Straup, then Chief Justice. It is so luminous and convincing

we are constrained to quote it at considerable length so far as it relates to the question now before us. Commencing on page 202 of the volume cited (36 Utah), and page 1006 of 102 Pac., the opinion reads:

"The record here shows two separate and distinct offenses and two separate and distinct transactions. Two separate and distinct offenses were testified to by the prosecutrix and proven by the state. One was committed on the 1st day of April, 1906, when the prosecutrix became pregnant, and the other along about the 1st of November, 1905. It was with respect to the offense of April, 1906, and to the transactions out of which it arose, that the defendant was given his constitutional privilege of a preliminary hearing. The district attorney, in the information, charged him with the offense growing out of that transaction. He could not legally charge him with any other. Nearly all of the evidence of the state was directed to that offense and to the transactions connected therewith. Of course, the state could prove the commission of that offense at some other and prior time than alleged in the information; but the state proved it precisely as alleged, and in order that there might be no doubt as to the identity of the transaction, and as to the time when the offense was committed, the state identified and characterized it by proof of the paternity and birth of the child, and produced and exhibited the child as the result of the defendant's carnal knowledge of the prosecutrix. But, finding that the prosecutrix was not under eighteen years of age when the offense was committed, the state then proved another offense which was committed about five months prior thereto, a transaction, however, entirely independent of the other. It is the evidence of such prior transaction and of such prior offense which is now pointed to by the state to support the verdict rendered by the jury. That is to say, a complaint was filed against the defendant before the committing magistrate, and the defendant; given the benefit of a preliminary examination for an offense growing out of particular transactions, and none other; the information filed in the district court charged him with that offense; on the trial the state opened the case on its behalf with proof of such transactions, and mainly tried the defendant for such offense; and now the verdict which was rendered finding him guilty as charged is claimed to be supported and sought to be upheld by the evidence of a wholly different and prior offense, and one arising out of an entirely different and independent transaction. To permit the verdict to be so upheld is to render ineffectual the constitutional privilege giving the accused the benefit of a preliminary examination."

The opinion then, cites approvingly the case of *State v. Jensen*, supra, and ordered that the judgment of conviction be reversed.

The logic of these cases is irresistible. It is difficult to see how the court, in either case, could have arrived at any other conclusion without ignoring or setting at naught a fundamental right guaranteed by the Constitution of the state—a right deemed so sacred by the framers of the Constitution as to be made a part of the declaration of rights.

In the case of *State v. Pay*, 45 Utah, 412, 146 Pac. 300, Ann. Cas. 1917E, 173, opinion by Mr. Chief Justice Frick, then associate justice of this court, much is said that is applicable here, notwithstanding the facts were different. In that case the defendant was charged in the complaint before the examining magistrate with stealing certain sheep. In the examination, the magistrate found that, while the charge of stealing the sheep was not sustained, yet the evidence showed the defendant had changed the earmarks with intent to steal, and held the defendant to answer for that offense. Information was filed charging the defendant with altering the earmarks of the sheep with intent to steal. Defendant moved to quash the information on the ground that defendant had neither waived nor been given a preliminary examination for the offense charged.

The court overruled the motion. Defendant was tried and convicted. He appealed to this court, where the errors complained of were reviewed, and the judgment reversed. This case, like the other two already considered, is conclusive upon the point that fundamental rights guaranteed by the Constitution must be observed. The opinion is exhaustive and in the highest degree satisfactory. In our judgment it goes even further, if possible, in the same direction than did the Jensen and Hoben Cases. It holds that, where a complaint before the examining magistrate charges a certain offense, the defendant cannot be held to answer for any other not involved within it, notwithstanding the evidence before the magistrate may establish another offense. The offense of altering earmarks with intent to steal the sheep was so nearly akin to the offense of actually stealing them that one could almost contend that the defendant was not prejudiced by the variance, but this court held otherwise, as we have shown.

We have yet to consider briefly a more recent case decided by this court than any heretofore mentioned. *State v. Sheffield*, 45 Utah, 426, 146 Pac. 306. This case is not referred to by respondent in the present case, notwithstanding the case as viewed in one aspect would seem to support respondent's contention. The complaint before the magistrate charged the defendant with adultery committed on the 23d day of August, 1913. He was given a preliminary hearing and held to answer. An information was filed charging him with adultery committed on that date. To the information defendant pleaded not guilty and went to trial. On the trial the prosecution offered to show association between defendant and the prosecutrix on the 16th day of August instead of the 23d, as alleged in the complaint and the information. The defendant objected on the ground that the transaction offered to be shown was not the same as that described in the complaint or the information, moved to quash the information, and offered to prove that at the preliminary examination all the evidence was directed to an adulterous act claimed to have been committed on the 23d, and not on the 16th. The district attorney stated he elected to rely for conviction upon the transaction occurring on or about the 16th, and was permitted, over defendant's objection, to introduce evidence relating to that transaction. Defendant was afterwards permitted to introduce evidence tending to show that the testimony before the examining magistrate as to the transaction on the 23d showed it to be a different transaction from that attempted to be proven by the state as occurring on the 16th. Upon this evidence the defendant again moved to quash the information upon the ground that he had not been given a preliminary examination for the transaction on the 16th which the state had elected to try. The motion to quash was denied. Defendant was tried and convicted, and the record shows that the court, by its instructions, limited the jury to the transaction on the 16th which had been elected by the state. These rulings were excepted to by the defendant and were relied on in this court on appeal for a reversal of the judgment. The court, by a majority opinion written by Hon.

D. N. Straup, then Chief Justice, denied the contention of appellant, and as far as that point was concerned sustained the conviction. The judgment was, however, reversed on other grounds. Mr. Justice McCarty, in a brief, lucid opinion, concurred in the reversal of the judgment, but disagreed with the majority on the question as to whether the defendant had been denied his right under the Constitution to a preliminary examination.

The majority opinion, on a cursory view, seems to conflict with the opinions in the other cases above referred to, and we are unable to reconcile the apparent conflict except by a distinction which may not be as obviously well founded as we could wish in attempting to reconcile opinions apparently conflicting. In the Jensen Case the variance or defect which constituted the injustice complained of appeared on the face of the proceedings, and the objection was raised by motion to quash. It was not necessary to go into the evidence taken at the preliminary examination to establish the fact that the transaction for which the defendant was examined was entirely different from the one for which he was being tried. The same was true in the Hoben Case and the Pay Case, to which we have referred.

In the Sheffield Case it did not appear but that the transaction for which the defendant was being tried and the transaction for which he had been examined were the same without going into the evidence as to what was testified to at the preliminary examination. The majority opinion appears to have considered such testimony as inadmissible. This is the only substantial distinction we are able to make and the only tangible ground we are able to find for the majority opinion. Without approving or disapproving the reasons given for that opinion, there is this distinction in the case at bar. Here the state's attorney, before proceeding with the second trial, announced in open court that two offenses had been committed by the defendant, one on the 13th, the date alleged in the complaint and information, and the other on the 15th, and he elected to stand on the latter transaction. This statement by the public prosecutor, it seems to us, was

sufficient in itself to raise a presumption almost conclusive that the preliminary examination had not included or covered the transaction for which the defendant was put on trial. It was so far conclusive, at least, as to warrant the court in permitting a thorough examination to ascertain if defendant had been accorded his constitutional right to a preliminary examination. If there is any doctrine enunciated in the Sheffield Case in contravention of the views herein expressed, the same is disapproved and hereby overruled. We are clearly of the opinion in this case that the court erred in overruling defendant's objection to the testimony offered by the state to prove a different transaction from the one for which the defendant had been given a preliminary examination. It follows as a necessary corollary from this conclusion that the court erred in instructing the jury to the effect that defendant might be convicted for such transaction.

The law creating the offense for which the defendant was convicted is one which the people of this state demand shall be enforced and upheld to the end that virtue shall be protected and morality preserved and maintained, but they are equally concerned in maintaining and preserving in all their vigor and strength the fundamental provisions of our Constitution which guarantee to the individual a fair and impartial trial when compelled to appear in a court of justice.

Appellant also contends that the court erred in permitting the state to elect the transaction on the 15th of July as the one upon which it would rely for conviction after having tried the defendant on the same information charging him with another transaction on a different date. There is much force in this contention. It does seem utterly inconsistent that the state, in the trial of a case, should select a specific transaction, attempt to procure a conviction therefor, introduce evidence for that purpose showing time, place, and circumstance to the utmost detail, and, failing to procure a conviction, put the party on trial again on the same information and seek to convict him for a transaction entirely different. *State v. Gaimos* (Mont.) 162 Pac. at page 599. It is just such proceedings as oftentimes disgust the layman

and cause him to regard judicial procedure with a feeling of suspicion and distrust instead of viewing it with a feeling of reverence and respect. No offense is intended in these remarks to the honorable court and state's attorney who tried the case below, and who appeared to be frank and conscientious in the performance of their duty. In view of the fact that the case presents new features and points never before determined by this court, and especially in view of the Sheffield Case, to which we have referred, from which an erroneous conclusion may have been drawn, there is no ground for drastic criticism, and certainly none is intended.

We are of the opinion, however, that the first trial of this case in the court below for the transaction alleged to have been committed on July 13th was an election of that transaction upon which to base a conviction, and that the state had thereafter no right, against the objection of the defendant, to elect another transaction without a new information based upon a preliminary examination or waiver thereof.

For the reason above stated, the judgment of the court below is reversed, and a new trial granted.

McCARTY and CORFMAN, JJ., concur.

GIDEON, J., concurs in the order reversing the judgment.

FRICK, C. J.

I concur. I feel constrained, however, to add a few words respecting what is said by Mr. Justice THURMAN concerning the majority opinion in the case of *State v. Sheffield*, 45 Utah, 426, 146 Pac. 306.

That decision merely follows the statute which declares that in offenses like the one there in question the alleged date is not material. It may well be that at the preliminary hearing the state may call one of several witnesses only. Such witness may be confused or mistaken respecting the precise date, and hence may state the wrong date. The erroneous date, therefore, may be the one that is stated in the informa-

tion which is filed in the district court. In view, however, that the date is immaterial, the state, when the case comes on for trial, may prove the correct date on which the offense was actually committed. To do that has become elementary. Under such circumstances the defendant may not, as a matter of defense, prove that the witness or witnesses at the preliminary hearing testified to a different date. He may, no doubt, do that to affect the credibility of the witnesses, but not as a substantive defense. If, therefore, he desires to insist upon the fact that he has not had a preliminary hearing for the transaction or offense the state is proceeding to establish by its evidence, the proper, and the only proper, procedure is to ask leave to withdraw his plea of not guilty, and, when that is done, to interpose his special plea to quash the information upon the ground that he has not had nor waived a preliminary hearing for the transaction or offense which the state is seeking to establish. This is so because such a plea is preliminary, and must be interposed before proceeding to the trial on the merits. Moreover, such a plea is addressed to, and must be determined by, the court before proceeding with the trial, and is never a matter for the jury to pass on.

Let us assume a case where the defendant during the progress of the trial claims that the state is proceeding to try him for an offense for which he has neither had nor waived a preliminary hearing and the state disputes his contention. Is the question to be submitted to the jury? Suppose it is; what will their verdict be? Can a jury in a criminal case pass on any other plea than a plea in bar or a plea of not guilty? Will the jury thus return a verdict of not guilty merely because a preliminary matter, however important, has been omitted? Merely to state the proposition shows that the objection that the accused has not had a preliminary hearing must be made in some other way than merely to object to the evidence at the trial.

It must be manifest to all that a plea that a preliminary hearing has not been had or waived does not support the plea of not guilty, and hence, so long as the latter plea stands and the trial on the merits proceeds, such a claim, or evi-

dence in support thereof, is entirely out of place. If the state attempts to produce evidence to establish an offense or transaction other than the one with which the accused is charged, his objection that the proffered evidence is irrelevant and immaterial must be sustained, and that is so although at the preliminary hearing the transaction then sought to be established by the state was gone into by the state's witnesses. It no doubt may occur that a magistrate who may not be well versed in criminal procedure may permit the witnesses on the preliminary hearing to go into different transactions, each one of which may constitute a separate offense, and thus it might well be that the accused could not truthfully claim that he was not given a preliminary hearing for the transaction the state seeks to establish at the trial. That fact would, however, not militate against the right of the accused to object to all evidence which does not support the charge in the information. The charge in the information, however, is the one which the state in opening its case has elected to proceed upon, regardless of the date stated in the information. It is manifest, therefore, that where the state has charged one transaction or offense in the information, but seeks to prove another and different transaction or offense at the trial, the accused need not rely upon the contention that he has not had a preliminary hearing, since, as I have pointed out, he may have had such a hearing, and yet his objection that the state seeks to prove an offense other than the one charged is good, and if his objection is overruled by the trial court, the conviction is not legal. It is thus clear that, when no preliminary hearing has been had respecting the offense or transaction charged in the information, the accused must take advantage of the defect by interposing a special plea to quash the information, and if he has already entered a plea of not guilty he, in order to avail himself of the special plea to quash, must ask and obtain leave to withdraw his plea of not guilty. This is so for the reason that this court, in common with all other courts where prosecutions may be based on information rather than on indictments, has too often held to be questioned now that by entering a plea of not guilty the

accused waives his right to a preliminary hearing. While he may thus waive his right to a preliminary hearing, he does not waive his right to object to any evidence which is not limited to the very offense or transaction charged in the information, and the transaction is the one identified by the state in opening its case. Such an objection he may always successfully interpose. Where, therefore, as in the case at bar, the state has identified the transaction constituting the offense charged in the information, it cannot legally proceed to try the accused for any other transaction or offense. To attempt that is so clearly against fundamental principles that it now rarely occurs. When it does occur, however, as in this case, the accused is not driven to the expedient of withdrawing his plea of not guilty and interposing a plea to quash the information upon the ground that he had not had nor waived a preliminary hearing, but he may object to the introduction of any evidence except such as will sustain the transaction charged in the information and which the state has elected to establish by identifying it in opening its case. The real objection in this case, therefore, is that the state is attempting to establish the offense charged in the information by producing evidence of another transaction which occurred at a different time and place from the one which the state identified and elected to prove on the first hearing. That may not be done under our law, and hence the conviction cannot stand.

From what I have said it follows that the mere fact that the date is immaterial and that the precise date on which the transaction which constitutes the offense charged occurred need not be alleged in the information, yet when the state proceeds to trial and produces evidence identifying the transaction constituting the offense as having occurred on a particular date, the state is then bound by the date, and is not permitted to prove any other transaction occurring on a different date; and this is so whether the transaction was in fact gone into at the preliminary hearing or not. What I have here outlined is in effect what is decided in *State v. Sheffield,* as I understand that case, and hence I cannot concur in what is said respecting that case by Mr. Justice THURMAN in his opinion.