## STATE v. WALDRAM.

No. 4150.   Decided November 24, 1924.   (231 Pac. 431.)

1. PHYSICIANS AND SURGEONS—COMPLAINT FOR PRACTICING AS CHIROPRACTOR WITHOUT LICENSE HELD SUFFICIENT, AND NOT AT VARIANCE WITH INFORMATION.  Complaint charging defendant with treating persons as a chiropractor without a license *held* sufficient and not at variance with information charging that without being licensed, he did, as a chiropractor, "treat human ailments without use of drugs or medicines, and without operative surgery." [1]

2. CONSTITUTIONAL LAW—STATUTE, CREATING DEPARTMENT OF REGISTRATION HELD NOT UNCONSTITUTIONAL AS CONFERRING JUDICIAL POWERS ON AN ADMINISTRATIVE BODY.  Laws 1921, c. 130, creating the department of registration and abolishing a number of boards, *held* not unconstitutional as conferring judicial powers on administrative body.[2]

3. PHYSICIANS AND SURGEONS—STATUTE, CREATING DEPARTMENT OF REGISTRATION HELD NOT UNCONSTITUTIONAL AS UNREASONABLE.  Laws 1921, c. 130, creating department of registration and abolishing a number of boards, *held* not unconstitutional as being unreasonable.

4. PHYSICIANS AND SURGEONS—LEGISLATURE MAY PROHIBIT PRACTICE OF CHIROPRACTICS.  Legislature may prohibit practice of chiropractics, or may allow any one to practice it.

5. STATUTES—WHAT CONSTITUTION DOES NOT FORBID, LEGISLATURE MAY DO.  What Constitution does not forbid, Legislature may do.

6. CONSTITUTIONAL LAW—PHYSICIANS AND SURGEONS—STATUTE REQUIRING LICENSE FROM CHIROPRACTORS HELD NOT UNCONSTITUTIONAL AS DISCRIMINATORY.  Laws 1921, c. 130, creating department of registration, abolishing a number of boards, and permitting general practitioners to practice chiropractics without

---

[1] *State* v. *Rickenberg*, 58 Utah, 270, 198 P. 767, cited, *State* v. *Pay*, 45 Utah, 411, 146 P. 300, Ann. Cas. 1917E, 173, and *State* v. *Nelson*, 52 Utah, 617, 176 P. 860, distinguished.

[2] *People* v. *Hasbrouck*, 11 Utah, 291, 39 P. 918.

See (1) 30 Cyc. p. 1565 (2) 12 C. J. p. 902 (3, 4) 30 Cyc. p. 1547 (5) 36 Cyc. p. 944 (6) 12 C. J. p. 1136.

examination or license, *held* not unconstitutional as discriminating against chiropractors, in view of Laws 1921, c. 91, § 10, as amended by Laws 1923, c. 58, § 1.

Appeal from District Court, Fifth District, Iron County; *T. H. Burton,* Judge.

C. F. Waldram was convicted of treating human ailments without use of drugs or medicines without a license, and he appeals. Affirmed.

*George B. Hancock,* of Cedar City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

WEBER, C. J.

Defendant appeals from a judgment of conviction on the charge of having treated "human ailments without the use of drugs or medicine, and without operative surgery," and "without first having secured a license from the state to do so."

The undisputed evidence shows that the defendant, as a chiropractor, treated those who applied for treatment for their ailments. Appellant first assigns as error that there is a fatal variance between the complaint on which he was held to the district court by the justice of the peace and the information thereafter filed by the district attorney. In the complaint appellant is charged with treating persons as a chiropractor without a license to practice chiropractics in the state of Utah, while the information charges that, without being licensed, he did, as a chiropractor, "treat human ailments without the use of drugs or medicine, and without operative surgery." While the complaint does not contain the statutory definition of the misdemeanor with which appellant was charged, the words clearly and definitely describe the offense. The complaint is therefore sufficient. *State* v. *Rickenberg,* 58 Utah, 270, 198

P. 767.   In the information the language of the statute is
not followed, but the identity of the offense is preserved and
clearly charges the same offense described in the complaint,
and that is treating patients as a chiropractor without hav-
ing a license to do so.

Appellant relies on *State* v. *Pay,* 45 Utah, 411, 146 P.
300, Ann. Cas. 1917E, 173, and *State* v. *Nelson,* 52 Utah,
617, 176 P. 860.   In the Pay Case the complaint charged
larceny of sheep.   The information charged the altering
of brands on sheep with intent to steal—an entirely different
crime than larceny.   In the *Nelson Case,* the crime is charged
as having been committed on a certain date.   The informa-
tion charged the same crime on a different date, and the
defendant was tried for the offense alleged to have been
committed on a different date than that charged in the com-
plaint, and on which he was bound over.   It is obvious that
these cases do not support defendant's contention.

In 1921 the Legislature revised the laws relating to medi-
cine and surgery, and in chapter 130, Laws 1921, created the
department of registration, abolishing a number of boards,
including that of medicine, and transferring all the duties
of the various boards thus abolished to the newly
created department.   This law is assailed by appel-        2
lant as unconstitutional.   It is insisted that the act is
unconstitutional, for the reason that it confers judicial pow-
ers upon an administrative body.

The action of the board of registration in ascertaining
the qualifications of those who apply for license or permits
to practice their professions does not in any manner intrench
upon the judicial power, and no judicial power is conferred
upon the board.

"The powers conferred on the board of medical examiners are
no wise different in character in this respect from those exercised
by the examiners of candidates to teach in our public schools, or by
tax assessors or boards of equalization in determining, for purposes
of taxation, the value of property." *People* v. *Hasbrouck,* 11 Utah,
291, 39 P. 918; *Reetz* v. *Michigan,* 188 U. S. 505, 23 S. Ct. 390, 47
L. Ed. 563.

It is contended that the requirements of the law are

unreasonable. The requirements claimed to be unreasonable are not designated by counsel. We find nothing in the law that is unreasonable and certainly nothing that was not within the power of the Legislature to enact, whether reasonable or otherwise.

The next argument is that the law discriminates against the chiropractor and in favor of the general practitioner by allowing the latter to practice chiropractics without examination or license. If this were true, it would be no reason for holding the law unconstitutional. The Legislature has the power to prohibit the practice of chiropractics, or it may say that any one may practice that art or science. It is well settled in this state that what the Constitution does not forbid the Legislature may do. However, the discrimination claimed by counsel does not exist under the law which recognizes four different systems of treating human ailments, each separate and distinct from the other. A separate and distinct examination is held and separate and distinct licenses issued for each. Section 10, c. 58, Sess. Laws Utah 1923.

We find nothing in the act that makes the constitutionality of any part thereof even questionable.

The judgment is affirmed.

GIDEON, FRICK, and CHERRY, JJ., and ERICKSON, District Judge, concur.

THURMAN, J., did not participate herein.