## STATE v. ROSENBERG.

No. 5439.   Decided September 12, 1934.   (35 P. [2d] 1004.)

*Mays & Beatie,* of Salt Lake City, for appellant.
*Joseph Chez,* Atty. Gen., for the State.

STRAUP, Chief Justice.

The defendant was convicted of the crime of carnal knowledge of the body of a female under eighteen and over thirteen years of age, sentenced to an indeterminate sentence to the State Prison, and appeals. Portions of the court's charge to the jury are challenged and complaint made of the refusal of the court to charge as requested by the defendant.

By the information it is alleged that the offense was committed on a specified day, "the 26th day of June, 1932." The evidence on behalf of the prosecution was directed to but one transaction, to only one sexual intercourse on that particular day and on no other. The prosecutrix, between fifteen and sixteen years of age, testified that on the night of June 25 at about 10 o'clock she and the defendant in his automobile, accompanied by another couple of young people, went to a garden and dance place in Cedar City, Iron county. They remained there until about 11 o'clock, when they all in the defendant's car went to the "junk yard," got a pint or two of whisky, and drove around drinking it. They returned to the garden at about 12:30 or 1 o'clock a. m. the next morning and sat around a table drinking more whisky until about 2:30 a. m., when they all in the defendant's car went to the B. A. C. campus in Cedar City. After driving in the campus the defendant and the prosecutrix got out of the car, the other couple remaining in the car. The defendant and the

prosecutrix with a blanket went up a path, "not very far away," where the defendant spread the blanket on the lawn in the campus. They sat on the blanket and drank more whisky which the defendant had in a flask. They "loved and petted each other" and had sexual intercourse on the blanket and then went to sleep. At about 4 or 4:30 o'clock the couple in the car woke them up. The defendant then drove the parties home leaving the prosecutrix and her girl companion at the home of the prosecutrix. The testimony of the prosecutrix was corroborated in every particular by the testimony of the other girl except as to the act of intercourse. The prosecutrix further testified that she thereafter had not seen the defendant until the 3d or 4th of July, and not thereafter until about August 1. The other girl testified that she had not seen the defendant until about the 3d or 4th of July. Neither of them testified as to any illicit relation of any kind on either of such occasions and not to anything more than merely meeting and speaking to the defendant nor did they testify to any illicit relation whatever between the defendant and the prosecutrix, except on the early morning of June 26 between 2:30 and 4 o'clock a. m.

The foregoing is all the evidence on behalf of the state as to the time and place when and where the alleged offense was committed. Both the prosecutrix and the other girl testified positively that the occasion testified to by them was on the 26th of June between the hours of 2:30 and 4 o'clock a. m., that the 25th was on Saturday, and that they could not be and were not mistaken as to the time and place testified to by them.

The defendant testified that on the afternoon of June 25, at about 3 o'clock, he, with two other young men working for a railroad company at Cedar City, with his automobile left the city and went fishing at Mammoth creek in Garfield county about 40 miles away; that they arrived at the creek about 5 or 6 o'clock in the afternoon, pitched their tent, and did some fishing that evening; that they returned to the tent, had something to eat and slept in the tent all

night, arose early the next morning and did more fishing along the creek, broke tent about 2 o'clock in the afternoon of the 26th, and then drove back to Cedar City, arriving there between 5:30 and 6 o'clock in the afternoon. His testimony was corroborated in every particular by the two young men who accompanied him on the fishing trip. That substantially was about all the evidence given on behalf of the defendant.

The court, among other things, charged the jury that the state was required to prove to their "satisfaction and beyond a reasonable doubt" each and all of enumerated propositions. "* * * Second: That such sexual intercourse, if any, was had on or about the 26th day of June, A. D. 1932. Third: That such sexual intercourse, if any, was had on the lawn of the B. A. C. campus, at Cedar City, in Iron County. * * * And if the State has failed to prove to your satisfaction and beyond a reasonable doubt any one of the propositions," including the second and third, "as above set forth in this instruction, then the defendant is not guilty of a felony, as charged in the information," and was entitled to an acquittal.

On the subject of alibi, the defendant requested the court to charge that:

"You are instructed that evidence has been introduced *tending to prove* that the defendant was not present at the scene of the alleged offense at the time it is claimed to have been committed. If such evidence when considered in connection with all other evidence in the case creates in your mind a reasonable doubt as to the defendant's *presence at the time and place the offense is alleged to have been committed, you should acquit him even though in the absence of such evidence you might believe him guilty beyond a reasonable doubt.*" (Italics added.)

The court charged (but not in language as italicized) that:

"You are instructed that evidence has been introduced that the defendant was not present at the scene of the alleged offense at the time it is claimed to have been committed. If such evidence when considered in connection with all the other evidence in the case creates

in your mind a reasonable doubt *as to the defendant's guilt* (of) the offense alleged to have been committed, you should acquit him." ( Italics added.)

The chief point made by the defendant is that in view of the charge in the information fixing a definite day (June 26) when the offense was committed, that all of the evidence adduced by the state directed to the offense committed on the 26th and no evidence of any kind to show that the offense or any sexual relation between the parties was committed at any other time, and of the evidence adduced by the defendant that, at the time as shown by the evidence on the part of the state the offense was committed, the defendant was 40 miles from Cedar City and was not even in Iron county, the court committed prejudicial error in charging the jury that if they found beyond a reasonable doubt that the defendant had sexual intercourse with the prosecutrix "on or about the 26th day of June" in Cedar City and in Iron county; to which charge the defendant took specific exceptions on the ground that there was no evidence to show that the offense, or that any sexual relation, was committed between the parties at any time or place, except on the 26th of June between 2:30 and 4'o'clock a. m. on the lawn of the B. A. C. campus at Cedar City.

The defendant concedes that as to such an offense, time is not a material ingredient, and that under the statute, R. S. Utah 1933, 105-21-10, the provisions of which were in force when the alleged offense was committed, the "precise time" at which the offense was committed need not be stated in the information, and that in such case the state by its evidence is not bound by the time stated in the information, but may give evidence to show that the alleged offense was committed at any time prior to the filing of the information; but it is contended that when the state by its evidence anchored the alleged offense as having been committed at a precise and specified date, and at no other time, it then becomes bound by such time and may take a conviction for an offense committed only

at that time, especially when, as here, no evidence is adduced to show that any sexual intercourse between the parties was had at any time other than at the time on which the State directed its evidence.

On his motion for a new trial, among other things in support thereof, the defendant produced affidavits of two jurors who in substance deposed that on the evidence adduced in the cause they believed, and so did the other jurors, that the defendant was not present at the time or place testified to by the witnesses on behalf of the prosecution, that he then with others was in Garfield county on a fishing trip 40 miles or more away, and that he had no sexual intercourse with the prosecutrix at the time and place testified to by her, but that the jury believed and found that the defendant had sexual intercourse with the prosecutrix at some other time near the 26th and because of the charge, "on or about the 26th day of June," the jury felt authorized and permitted to find the defendant guilty of an offense committed at some time other than the 26th of June; and had they not been so charged, and if to convict they were required to find the defendant guilty that the offense was committed on the 26th of June, and at no other time, the jury would have found the defendant not guilty. In denying the motion for a new trial, it is not made to appear whether the affidavits were stricken or not as being incompetent, and, if not stricken, whether the affidavits were or were not considered by the court in denying the motion for a new trial. The affidavits were incompetent. The view generally prevails that affidavits of jurors cannot be received to show that the verdict was the result of a misconception of instructions of the court, or of a failure of the jury to correctly comprehend them, or a mistake as to the meaning of them, or of the verdict. 16 C. J. 1238, 1239. The affidavits should have been stricken. Whether they were or not, since the motion for a new trial was denied, it may be assumed they were not considered by the court.

The defendant, however, in effect further urges that though the affidavits were incompetent and not considered, yet by the charge, "on or about the 26th day of June," the jury well could have understood that they were authorized or permitted to find the defendant guilty of sexual intercourse with the prosecutrix at some time other than on the 26th, at some time near that date, and that to convict the defendant they were not required to find that the sexual intercourse between the parties took place on the 26th of June; and that by the charge the jury was authorized and permitted to do what the jurors by their affidavits deposed the jury did. Texts and cases are cited by the defendant to the effect that though time is not a material ingredient of the offense charged, though a definite date is alleged in the information on which the offense was committed, the prosecution nevertheless may by evidence show that the alleged offense was committed on a day other than and prior to the filing of the information, still when the prosecution elects to proceed for an offense as of a certain date and gives evidence of the commission of the offense as having been committed on that day and no other, the court is required to limit the jury to the time so elected, since the defendant was not prosecuted for any other act than the one so elected by the state and to which its evidence was directed; and that, in such case, to charge the jury in such manner as to permit or authorize them to find the defendant guilty of an offense "on or about" the date so fixed and elected by the prosecution, is misleading, erroneous, and prejudicial, especially when the defense of alibi is interposed and evidence given in support thereof. 16 C. J. 969; *State* v. *King,* 50 Wash. 312, 97 P. 247, 16 Ann. Cas. 322; *State* v. *Moss,* 73 Wash. 430, 131 P. 1132; *State* v. *Campbell* (Mo. App.) 260 S. W. 542; *State* v. *Fellers,* 140 Mo. App. 723, 127 S. W. 95; *Spencer* v. *State,* 24 Ala. App. 140, 131 So. 456; *Love* v. *State,* 142 Miss. 602, 107 So. 667; *State* v. *Nelson,* 52 Utah 617, 176 P. 860, especially the concurring opinon of the then Chief Justice Frick, and other cases cited in that case.

Some of such cases put such ruling on the ground that where there is no evidence of the commission of the offense at a time other than as elected by the state, there is no evidence to justify a verdict of the commission of the offense other than as elected by the prosecution and to which its evidence was directed; and where there is evidence of the commission of similar or other acts, yet the first act with respect to which the prosecution gives evidence concerning its commission, the law itself makes an election for the prosecution, and hence to convict, the jury are limited to the act so elected by the state (*State* v. *Hilber,* 22 Utah 27, 61 P. 215; *State* v. *Nelson,* supra) ; while other cases put the ruling on the ground that where the state by its evidence fixed the time of the commission of the offense on a definite and particular date and an alibi is interposed and supported by evidence, the time of the commission of the offense, ordinarily immaterial, becomes material, and in such case to charge that the precise time is immaterial, or that the jury could find the defendant guilty of the offense as having been committed "on or about" the date so fixed and elected by the state, and the defense of alibi based on such time, is misleading, erroneous, and prejudicial.

Though it be assumed that there is considerable force to the doctrine or principle so announced by the foregoing cases, yet we are of the opinion that as to the particular point or question involved, a different view has been announced in this jurisdiction, or at least one difficult to harmonize with the foregoing cases. Let it be conceded that there is no evidence in the record to show that the alleged offense was committed on a day other than on the 26th day of June. The state concedes that. While the court in directing the jury that the state was required to prove, among other things, that the sexual intercourse between the defendant and the prosecutrix, if any, was had "on or about the 26th day of June," yet at the same time also charged that the state was required to prove that such sexual intercourse, if any, "was had on the lawn of the B. A. C. campus

at Cedar City," the only intercourse testified to by the witnesses for the state; and that if the jury did not so find beyond a reasonable doubt, the defendant was entitled to an acquittal. Thus the court, to convict the defendant, restricted and limited the jury to that particular transaction or intercourse testified to by the witness for the prosecution. In other words, the court told the jury that unless they found beyond a reasonable doubt that the defendant had sexual intercourse with the prosecutrix on the lawn of the campus of the B. A. C. they should acquit him. There is no evidence that the defendant had sexual intercourse with the prosecutrix on the campus of the B. A. C. at any time or at any other place, except on the 26th day of June. Whether the defendant had sexual intercourse with the prosecutrix on the campus on that day is in direct conflict. The evidence adduced by the state shows that he did. The evidence adduced by the defendant shows that he did not. Eliminating the affidavits of the two jurors, as we do, and as we assume the trial court did, we may not presume that the jury, in rendering their verdict of guilty, found in favor of the defendant on the subject of the alibi and found that the defendant, at some time other than on the 26th of June, had sexual intercourse with the prosecutrix on the campus of the B. A. C. In view of the evidence of but one sexual intercourse of the defendant with the prosecutrix and of the court's charge, it is more reasonable to assume that the jury, in accordance with the evidence and in obedience to the charge, found against the defendant on the subject of the alibi and found that the defendant on the 26th of June had sexual intercourse with the prosecutrix on the campus as testified to by the witnesses for the prosecution. In view that, to convict the defendant, the court limited and restricted the jury to a finding of the particular sexual intercourse had by him with the prosecutrix on the campus of the B. A. C. and no evidence to show that an offense was committed at any other place or time, we think, because of prior decisions in this jurisdiction, no error was com-

mitted by the charge of the court that the state was required to prove that the offense was committed "on or about the 26th day of June," instead of charging that the state was required to prove that it was committed on the "26th day of June."

To that effect especially are the cases of State v. Greene, 38 Utah 389, on application for rehearing 426, 115 P. 181, 195; State v. Distefano, 70 Utah 586, 262 P. 113. In the Greene Case but one adulterous act or transaction was charged by the information. It was charged to have been committed "on the 18th day of July, 1906." The court charged that the state, among other things, was required to prove that the defendant "on or about the 18th day of July, 1906," in the laid venue had carnal knowledge of the body of the prosecutrix. The court further there charged:

"That the exact time alleged in the information as to the commission of the crime charged need not be proved, for it is sufficiently established under the law, if you believe from the evidence beyond a reasonable doubt that the unlawful act charged was committed within four years next prior to the filing of the information."

In complaining of the charge, especially on the rehearing, and in view of the evidence contending that the charge was erroneous, the defendant urged that:

"There is no legal evidence in the record that an act constituting the crime of adultery was committed at any time, but such evidence as there is refers to but a single act committed on the 18th day of July, 1906, if committed at all."

In considering the matter, this court among other things stated that:

"Such a charge is not open to the objection urged by counsel that the jury could assume that there was evidence in the case of several or different offenses similar to the one charged, and that they were at liberty to convict the defendant of any one of them if committed within the statutory period of limitations."

The charge was thus approved, or at least held not to have been of prejudicial effect.

More to the point is the Distefano Case. There the de-

fendant was convicted of the crime of carnal knowledge of the body of a female under the age of eighteen and over the age of thirteen. The act charged in the information was one committed "September 8, 1926," in the laid venue. Evidence was given by the state, the testimony of the prosecutrix, that the defendant had sexual intercourse with her August 9, 1926, in an automobile truck; on another occasion on August 21 of the same year near Stockmore; on another occasion on September 8, 1926, the act relied on by the state, across an irrigation ditch near a big tree south of the home where the prosecutrix resided, *and that such act was the last act of intercourse had between the defendant and the prosecutrix,* which was on a Sunday after a Sunday school meeting was held at the defendant's home. The defendant denied having any sexual intercourse with the prosecutrix at any time and gave evidence to show that he was at home when it was claimed by the prosecutrix that he had sexual intercourse with her on the night of the 8th of September, and that the occasion referred to by the prosecutrix of a meeting of a Sunday school at his house was on the 15th and not on the 8th of September. The court in instructing the jury stated that evidence had been given of sexual intercourse between the parties prior to September 8, 1926, but that the defendant was not on trial for any act of sexual intercourse other than the act alleged on the 8th day of September, across an irrigation ditch near a big tree south of the home of the prosecutrix; that the evidence of such prior acts was admitted only as bearing on the probability or improbability of the commission of the charged act of September 8; and that the defendant could not be convicted of the commission of any act except that committed on September 8 across an irrigation ditch near a big tree south of the home of the prosecutrix. But the court further charged the jury that if they found beyond a reasonable doubt that such act at such place was committed, then it was immaterial whether the act was committed on the 8th or on the 15th of September. The defendant claiming that there was no evidence

that any sexual offense between the parties had been committed later than September 8, the time charged in the information and relied on for a conviction by the state, requested the court to charge that the jury could not convict the defendant of any offense later than the 8th of September. The court declined to so charge and charged, as above indicated, that if the jury believed beyond a reasonable doubt that the offense of sexual intercourse had been committed across an irrigation ditch near a big tree south of the home of the prosecutrix, it was immaterial whether it was committed on the 8th or on the 15th of September. On appeal by the defendant, complaint was made of the charge in such particular and of the refusal of the court to charge as requested by the defendant. This court, reviewing a number of cases, a dozen or more from this jurisdiction, applied to the case the general rule that the precise time at which the offense was committed was immaterial and that the state was permitted to show that the offense was committed before or after the time stated in the information, if within the period of the statute of limitations, and thus approved the charge as given by the trial court and affirmed the judgment.

The court evidently took the view that since the trial court, with such particularity as was done, limited and restricted the jury to a finding of the particular sexual act of intercourse at a particular designated place, before they were justified in finding the defendant guilty, the time at which such act was committed, being the identical act relied on by the state for a conviction, was immaterial. In accordance therewith, it follows that since the court in the case in hand before they could convict the defendant limited and restricted the jury to a finding that the sexual act of intercourse was had between the defendant and the prosecutrix on the lawn of the campus of the B. A. C., the charge, in effect, that the jury were authorized or permitted to find that such act was committed "on or about the 26th day of June," was not, in view of the record, misleading or erro-

neous, at least not prejudicial, for that, eliminating the affidavits of the two jurors, it is just as reasonable to believe, if not more so, that the jury on the record by their verdict found that the offense was committed on the 26th of June, a finding amply supported by evidence, rather than that the jury found the offense was commited on some other day and occasion, of which there was no evidence to support it.

The case of *State* v. *Nelson,* supra, cited and relied on by the defendant, is not applicable because of dissimilarity of facts and of legal questions involved. There the defendant likewise was charged with the commission of a sexual offense. By the information it was charged that the offense was committed "on the 13th day of July 1917" in the laid venue. The evidence adduced at the preliminary examination was directed to the commission of the offense by the defendant with the prosecutrix on the 13th day of July in an automobile in front of Slaughter's house in the town of Hinckley. The information charged the commission of the offense on July 13, 1917. There were two trials. On the first, the evidence adduced by the prosecution was directed to the commission of the offense on July 13th in an automobile in front of Slaughter's house. The jury disagreed, whereupon a retrial was ordered. At the threshold of the second trial the prosecution announced in open court that two sexual offenses were committed by the parties, one on July 13th and the other July 15th, and that the state would elect and rely on the offense committed on July 15th. To that the defendant objected and urged that he had not been given a preliminary hearing as to an offense claimed to have been committed July 15, and as the state on the first trial had elected to try the case on the offense alleged to have been committed on the 13th of July, it could not now re-elect to try the case on the claimed offense committed on the 15th, since they were two separate and distinct transactions and offenses and no preliminary hearing as to the latter claimed offense. The objection was overruled where upon the case proceeded to a retrial. The prosecutrix gave testimony of

two sexual intercourses with the defendant, one occurring on the 15th of July inside a "grand stand" in the town of Hinckley, which testimony was objected to by the defendant, and the other offense occurring on the 13th of July in an automobile in front of Slaughter's house. The defendant was convicted and appealed. The judgment was reversed, this court holding that the two offenses were separate and distinct offenses or transactions and claimed to have been committed at different times and places; that a preliminary examination was had as to the one, but not as to the other and for which the defendant was convicted; and that the state on the first trial, having elected to try the defendant for the offense claimed to have been committed on the 13th in the automobile, could not on the second or retrial re-elect to try the defendant for the offense claimed to have been committed on the 15th inside the grand stand without a preliminary examination as to such offense and on an information based thereon.

Here no question is raised or involved as to an election and no election was made or required to be made, nor was there any question raised or involved as to a preliminary hearing. And here no claim was made and no evidence was given to show more than one offense, more than one act of sexual intercourse and that was claimed to have been committed on the lawn on the campus and the jury instructed that to convict the defendant they were required to find him guilty of that particular act of sexual intercourse.

Notwithstanding in the Nelson Case some observations by the writer of the opinion, not shared by several other members of the court were made underrating the case of *State* v. *Sheffield*, 45 Utah 426, 146 P. 306, nevertheless the Sheffield Case, after the decision in the Nelson Case, was cited and approved by this court in the Distefano Case, where the facts were more like the Nelson Case than in the case in hand, and where the general principles

announced were more in accord with the Sheffield Case than with those announced in the Nelson Case.

Now as to the request to charge on the subject of alibi. The request well could have been given in language of the request. The trial court indorsed it "given in substance." The court, however, was not required to charge in the exact language as requested. He could give a proper charge on the subject in his own language. We think the court did that. The chief complaint made is because the court charged that if such evidence (respecting the alibi), when considered in connection with all other evidence in the case, "creates in your minds a reasonable doubt as to the defendant's guilt" of the offense alleged to have been committed, they should acquit him, instead of charging, as requested, that if such evidence when considered in connection with all the evidence in the case created a reasonable doubt as to the "defendant's presence at the time and place the offense is alleged to have been committed," the jury should acquit him. We see no substantial difference between what the court charged in such particular and what was requested by the defendant. Since the court charged the jury that to convict the defendant they were required to find beyond a reasonable doubt that the defendant had sexual intercourse with the prosecutrix on the lawn in the campus, the further charge that if because of the evidence with respect to the alibi the jury had a reasonable doubt as to the "defendant's guilt of the offense alleged to have been commited" is equivalent to the language of the request, a reasonable doubt as to the "defendant's presence at the time and place the offense is alleged to have been committed." We thus think the language of the charge and the request in such particular mean substantially the same thing.

The judgment of the court below is therefore affirmed.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFAT, JJ., concur.