STATE of Utah, Plaintiff and
Respondent,

v.

Delfin Ernesto ORTEGA, Defendant
and Appellant.

No. 20758.

Supreme Court of Utah.

March 17, 1988.

J. Franklin Allred and Margo L. James,
Salt Lake City, for defendant and appel-
lant.

David L. Wilkinson and David B. Thomp-
son, Salt Lake City, for plaintiff and re-
spondent.

RAY M. HARDING, Sr., District
Judge:

Defendant appeals his conviction of sexu-
al abuse of a child, a second degree felony,
in violation of Utah Code Ann.
§ 76–5–404.1 (Supp.1983 & 1987).[1]

I

On November 21, 1983, defendant was
charged in a two-count information with
sexual abuse of a child. The two counts
differed only in the dates upon which the
alleged incidents occurred: count I alleged
that the proscribed touching occurred "on
or about September, 1983," while count II
alleged that touching occurred "on or
about October 1, 1983."

At a December 21, 1983, preliminary
hearing, the five-and-a-half-year-old female

---

1. Defendant was charged under the 1983 ver-
sion of section 76–5–404.1, which made sexual
abuse of a child a first degree felony. However,
pursuant to the 1984 amendment to that section,
he was convicted of a second degree felony.

victim testified that defendant, her neighbor, touched her several times on three separate occasions. The victim first testified that on October 4, the day she went to the hospital, she, defendant, and defendant's granddaughter were "under the bed" when defendant touched her breasts, vaginal area, and buttocks. Next, the victim testified that defendant also touched her while she was sitting on his lap as the two watched television. Then the victim testified that on yet another occasion, defendant came across the room and touched her. Finally, the victim testified that the three incidents of touching all occurred on different dates.

The victim's mother was also a witness at the preliminary hearing. She testified in part that her daughter had indicated that defendant, defendant's granddaughter, and the victim were under the bed on October 1.

At the conclusion of the hearing, the circuit judge stated:

> I don't believe there's sufficient information to identify a second count with specificity under the Supreme Court ruling.
>
> . . . .
>
> Based upon the evidence before me, it is my opinion that the State has established the crime of sexual abuse of a child, a first degree felony, and this should require—you can amend Count I or Count II to allege on or about October 4.

The prosecutor amended count I to conform with the judge's ruling, and count II was stricken.

At trial, the victim, who was then seven years old, testified that on October 4, 1983, defendant had rubbed her vaginal area and buttocks while she was sitting on his lap at his house watching television, with no one else present in the home. At the close of the State's case, defendant moved to dismiss the charges against him or, in the

alternative, to remand the case for another preliminary hearing because the evidence adduced at trial varied from that which formed the basis of his bind over to the district court. The trial court denied both motions.

## II

■ Defendant contends that he was effectively denied the protections of a preliminary hearing on the offense for which he was convicted. He argues that the victim testified at the preliminary hearing that he touched her on October 4 while he, she, and defendant's granddaughter were under a bed, that the victim also testified that the on-the-lap incident occurred on a different day, and that the circuit court bound defendant over to answer only for the incident identified with October 4. At trial, however, defendant was convicted of the on-the-lap incident after the victim testified that incident occurred on October 4. The problem here is that defendant was tried for and convicted of a crime arising out of a criminal episode for which he was not bound over to answer by the circuit court. *See State v. Tarafa*, 720 P.2d 1368 (Utah 1986); *State v. Porter*, 705 P.2d 1174 (Utah 1985); Utah Code Ann. § 76–1–401 (1978).[2]

Article I, sections 12 and 13 of Utah's Constitution and rule 7(d) of the Utah Rules of Criminal Procedure guarantee a criminal defendant's rights to and at a preliminary hearing. *See, e.g., State v. Anderson*, 612 P.2d 778, 782 (Utah 1980); *accord* Utah Code Ann. § 77–1–6 (1982). In this regard, we have consistently held that a criminal defendant cannot lawfully be tried for and convicted of a crime for which he or she was not given, or for which he or she did not waive, a preliminary hearing. *E.g., State v. Jensen*, 103 Utah 478, 483, 136 P.2d 949, 951–52 (1943) and cases cited therein.

2. The State did not appeal the circuit court's order, and thus the propriety of that order is not before us. *See State v. Jensen*, 34 Utah 166, 169, 96 P. 1085, 1087 (1908). However, we note that its decision appears to have been predicated upon *McNair v. Hayward*, 666 P.2d 321 (Utah 1983), which was construed in *State v. Fulton*, 742 P.2d 1208 (Utah 1987). Under the principles in *Fulton*, the State would have been entitled to relief if it had appealed the circuit court's order.

■ When a crime is charged by information, the pleader "must have in mind a particular transaction having the elements of time, place, and circumstance, which transaction in his judgment is unlawful...." *State v. Nelson,* 52 Utah 617, 621, 176 P. 860, 861 (1918). When a defendant does not waive his or her right to a preliminary hearing, the magistrate presiding over the hearing must entertain evidence concerning the criminal episode(s) involved, and if the magistrate does not find probable cause to believe that the crime(s) charged has been committed or that the defendant committed it, the magistrate must dismiss the information or pertinent portions thereof and, if appropriate, discharge the defendant. *See* Utah R.Crim.P. 7(d)(1). *See generally Anderson,* 612 P.2d at 782–83; *United States v. Eldredge,* 5 Utah 161, 167, 13 P. 673, 676 (1887).

■ Holding, as we do, that a magistrate presiding over a preliminary hearing binds a defendant over to answer for crimes arising out of a particular criminal episode is nothing new in Utah and comports with the purposes of the preliminary hearing in this state. *See Nelson,* 52 Utah at 621, 176 P. at 861. In *State v. Anderson,* 612 P.2d 778, we stated: "The fundamental purpose served by the preliminary examination is the ferreting out of groundless and improvident prosecutions. The effectuation of this primary purpose relieves the accused from the substantial degradation and expense incident to a modern criminal trial when the charges against him are unwarranted or the evidence insufficient." *Id.* at 783–84 (footnote omitted). We also noted multiple ancillary purposes arising out of the preliminary hearing: it provides the defendant with (1) the particulars on the nature of the State's case and (2) a means to discover and preserve evidence favorable to his defense. *Id.* at 784; *see also Kearns–Tribune Corp. v. Lewis,* 685 P.2d 515, 520 (Utah 1984). And although these ancillary purposes have been criticized in the past, *see* Comment, *Confrontation Rights and Preliminary Hearings,* 1986 Utah L.Rev. 75, 84–86, and their importance seemingly questioned by the State on this appeal, they have made up part of the fabric of our law for over three-quarters of a century. As early as 1908, Chief Justice McCarty stated that the preliminary hearing is necessary in part

> to secure to the accused, before he is brought to trial under an information, the right to be advised of the nature of the accusation against him and to be confronted with and given an opportunity to cross-examine the witnesses testifying on behalf of the state. He is thus enabled, if he so desires, to fully inform himself of the facts upon which the state relies to sustain the charge made against him, and be prepared to meet them at the trial.

*Jensen,* 34 Utah at 169, 96 P. at 1086.

In the instant case, the circuit judge bound defendant over to the district court to answer for the charge of sexual abuse of a child arising out of the episode occurring on or about October 4. Although the State contends that the victim testified at the preliminary hearing that both the under-the-bed incident and the on-the-lap incident occurred on or about October 4, our review of the record fails to bear out this fact. The only incident which the victim identified with the date of October 4 was the under-the-bed incident. In light of the trial court's ruling, *supra* p. 2, the on-the-chair incident was dismissed. *See* Utah R.Crim.P. 7(d)(1). "This ruling of the court, whether right or wrong—a question which we are not called upon to here determine—disposed of [that] charge ...," *Jensen,* 34 Utah at 168, 96 P. at 1086, and therefore defendant could not then be tried and convicted of that charge.

The State contends that "defendant cannot seriously argue that, during preliminary hearing, he was not given notice of the 'television incident,' which was later proved at trial." This argument misses the point. The crime for which defendant was tried and convicted was *dismissed* by the circuit court. Thus, notice to defendant of the on-the-lap incident is irrelevant here. In any event, we find it difficult to understand how defendant could have been put on notice of the on-the-lap incident so that he could have prepared to meet that crime

at trial where he was not bound over by the circuit court to answer for that crime.

The State, however, contends that the circuit court did not limit the bind over order to either the under-the-bed incident or the on-the-lap incident and seems to indicate that the circuit court bound over either of the criminal episodes. Our reading of the preliminary hearing transcript does not reveal that this is what occurred. Indeed, such a practice would be at odds with Utah law as explained above.

■ Finally, the State contends that defendant failed to properly preserve this issue because he did not make his motion to remand for preliminary hearing until the close of the State's evidence. It argues that defendant was apprised of the State's case at the close of the State's opening statement. Defendant replies that the State's opening statement did not constitute evidence upon which he was bound to predicate his objection. We conclude on the facts of this case that defendant did not waive his right to raise the issue. *Cf State v. Burnett*, 712 P.2d 260, 261–62 (Utah 1985) (defendant's objection at close of State's case preserved issue of variance between charges contained in information and those for which defendant was tried).

In this case, the variance between the preliminary hearing testimony and the testimony adduced at trial is not insignificant. Indeed, the trial testimony involved a criminal episode for which defendant was not bound over to the district court, making portions of defendant's case (testimony and exhibits) irrelevant. Accordingly, this case is reversed and remanded. *See* Utah R.Crim.P. 30(a). Our disposition of this issue makes discussion of the other errors which occurred in this case unnecessary.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., does not participate herein; RAY M. HARDING, Sr., District Judge, sat.