## STATE v. JENSEN.

No. 1934. Decided August 4, 1908 (96 Pac. 1085).

CRIMINAL LAW—PRELIMINARY EXAMINATION. Const., art. 1, sec. 13, provides that offenses heretofore required to be prosecuted by indictment shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived, or by indictment with or without such examination. An information was filed on August 17, 1907, charging defendant with fornication, and defendant was duly bound over by a committing magistrate to answer to the charge. The information was quashed on the ground that the complaint showed that the crime was barred by limitations, and the state, without again taking defendant before a committing magistrate for preliminary examination, filed a second information charging him with unlawfully having sexual intercourse on another date. *Held,* that the court could not authorize the filing of the second information and try defendant for a distinct offense for which he had never been committed before a magistrate.

APPEAL from District Court, Sixth District; John F. Chidester, Judge.

Arthur Jensen was convicted of fornication, and he appeals.

JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

*E. E. Hoffmann* for appellant.

*M. A. Breeden,* Attorney-General, for the State.

McCARTY, C. J.

On September 5, 1907, an information was filed in the district court of Sevier county, Utah, by the district attorney, charging the defendant with the crime of fornication. The information, so far as material here, recites that the defendant on the 17th day of August, 1907, was duly bound over by a committing magistrate to answer to the charge therein contained, and that "the said Arthur Jensen, on the 24th day of July, 1904, at the county of Sevier, state of Utah, being then and there a single and unmarried man, did willfully and unlawfully have sexual intercourse with and carnal knowledge of the body of one Almira Jensen, then and there being a single and unmarried woman." The defendant filed a motion to quash and set aside the information. One of the grounds upon which the motion was based, and the only one which we deem it necessary for us to consider, was that the complaint upon which the defendant was bound over and held by the committing magistrate to answer the charge therein made showed that the crime alleged was barred by the provisions of section 4599, Comp. Laws 1907. This section provides: "An indictment for any misdemeanor must be found or an information filed within three years after its commission." The motion was sustained, and the information quashed and set aside. The state was given until 10 o'clock a. m. the following day in which to file a new information, and the defendant's bail was continued in force, and

he was held to answer to such information when filed. The district attorney, without having the defendant taken before a committing magistrate for a preliminary hearing, filed a second or new information, in which the defendant was charged with an offense alleged to have been committed on or about December 15, 1904. The record affirmatively shows that no evidence whatever was introduced at the preliminary examination referred to that in any way tended to show defendant had sexual relations with the said Almira Jensen on December 15, 1904, or on any other day except July 24, 1904. Defendant again filed a motion to quash and set aside the information on the ground that he had never had a preliminary hearing and was never bound over and held to answer by a committing magistrate for the offense charged in the information. The motion was overruled, and the defendant, on being arraigned, entered a plea of not guilty. A trial was had which resulted in a verdict of guilty, and the defendant was sentenced by the court to four months' imprisonment in the county jail of Sevier county. To reverse the judgment entered on the verdict, defendant prosecutes this appeal.

The particular offense charged in the complaint, upon which defendant had a preliminary examination, and for which he was held to answer to the district court, was barred by section 4599, *supra,* and the court, by quashing the information on that ground, in effect ruled that defendant had been committed and held to answer for an offense for which he could not be prosecuted. This ruling of the court, whether right or wrong—a question which we are not called upon to here determine—disposed of the charge under which the defendant was committed and held to answer by the magistrate. The district attorney, however, was permitted to file a second information, in which defendant was charged with having committed a like offense on December 15, 1904—an offense separate and distinct from the one charged in the complaint upon which the preliminary examination was had, and for which the defendant was bound over and held to answer to the district court, and for which he was informed against by

the district attorney in the first instance. The record shows that no evidence was introduced at the preliminary hearing of the offense charged in the second information, nor was the defendant bound over for that offense. Therefore the defendant was charged with and placed upon trial for an offense for which he had no preliminary examination, and for which he had never been committed and held to answer, as required by section 13, art. 1, of the Constitution of Utah, which, so far as material here, provides: "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the state, or by indictment with or without such examination." The purpose of this provision of the Constitution is to secure to the accused, before he is brought to trial under an information, the right to be advised of the nature of the accusation against him and to be confronted with and given an opportunity to cross-examine the witnesses testifying on behalf of the state. He is thus enabled, if he so desires, to fully inform himself of the facts upon which the state relies to sustain the charge made against him, and be prepared to meet them at the trial. The defendant was denied this constitutional right, for the record conclusively shows that he was in the first instance put under bonds and held to answer by the committing magistrate for the specific offense alleged to have been committed on July 24, 1904, and for none other. Therefore the motion to quash and set aside the information upon which the defendant was convicted and wherein it was alleged that the crime was committed on December 15, 1904, should have been allowed, and the court erred in overruling the same.

We do not wish to be understood as holding that the ruling of the trial court in quashing and setting aside the first information, on the ground that the specific offense charged in the complaint filed with the magistrate was barred, was correct. The state did not appeal from this ruling. Therefore the question is not before us, and we refrain from expressing any opinion thereon. Nor do we hold that, in cases

of this kind, the state, in order to make out a case, must prove that the offense charged was committed on the precise date alleged in the information. What we do say is this: That, the information having been quashed and set aside on the ground that the defendant could not be prosecuted for the specific offense therein alleged because of the bar of the statute of limitations, the court could not legally authorize the district attorney to file a new information and place the defendant on trial for an offense separate and distinct from the one charged in the first information, and for which he had never been committed and held to answer by a committing magistrate.

The judgment is reversed, with directions to the lower court to proceed in accordance with the views herein expressed.

FRICK, J., concurs.

STRAUP, J. (concurring).

I am of the same opinion. As suggested by the Chief Justice, we are not now required to pass upon the question whether the court correctly ruled in quashing the first information. On the theory that the state might have been able to prove that the defendant was absent from the state a sufficient length of time to have tolled the running of the statute, or, not being bound by the exact date alleged, might have been able to prove the specific offense charged in the information to have been committed on a date within the statutory period of limitation, it is somewhat doubtful whether such ruling was correctly made; but when the second information was filed, it is not made to appear that it was an amended or new information charging the same offense or describing the same transaction as alleged in the first information. That is to say, it was not made to appear that the offense stated or the transaction described in the second information as having been committed or having occurred on the 15th day of December, 1904, was the same as stated or described in the first information; the only difference being

as to the time when the offense was committed. Had such been the case, I think the ruling made denying the motion to quash the second information would not have been erroneous; but it was very clearly made to appear to the trial court that there were two separate and distinct offenses charged and two different transactions described. The evidence which would support the one would not support the other. Now it is apparent that, if A. is charged with the crime of fornication as having been committed with a certain female on a particular day at a particular dwelling in the northern part of the county, and at the preliminary hearing such facts, and none other, are testified to, and, after the information based upon such transaction has been quashed, to then permit the state to file a new information charging him with the crime of fornication as having been committed with the same person on another and different date at another and different building in the southern part of the county, and concerning which no evidence whatever was offered or produced at the preliminary hearing, A., the defendant, is deprived of the benefit of a preliminary hearing as is in such case made and provided. In such case it is very clear that the transactions were wholly separate and distinct, and that the evidence which would support the one would not support the other. Such seems to be the situation here.

I therefore concur in the judgment of reversal.