**STATE of Utah, Plaintiff and Respondent,**

v.

**Claude A. BUNDY, Defendant and Appellant.**

**No. 19013.**

Supreme Court of Utah.

June 29, 1984.

---

Edwin F. Guyon, Salt Lake City, for defendant and appellant.

D.L. Williamson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Ted Cannon, County Atty., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from a jury verdict finding him guilty of rape and forcible sodomy under U.C.A., 1953, §§ 76–5–402 and 403, where the victim was under the age of 14.[1]

Defendant was the husband of Lori Bundy, the victim's sister, with whom he had two children. Lori's and defendant's work schedules overlapped, defendant working between 1:00 p.m. and 12:00 midnight, and Lori between 10:00 p.m. and 7:45 a.m. The victim agreed to babysit their small children and frequently spent the night at her sister's home. The acts of rape occurred from about June, 1981, through about January, 1982, and the act of forcible sodomy during the summer of 1981. At trial, Lori testified only after the State agreed to limit examinations to her work schedule and after defendant's counsel raised no objection. The following morning, defense counsel moved for a mistrial on the ground that defendant had not consented to that testimony and that without his consent his wife should not have testified. The State countered that no confidential communications were elicited and thus no prejudicial error was committed. The court took the motion under advisement and later denied it.

A police officer testified for the State about an investigation into alleged incestuous relationships between the victim and her father, and stated his opinion that the allegation was without merit. No objection was raised to that testimony.

Defendant claims four prejudicial errors mandating reversal and a new trial: (1) The trial court improperly and prejudicially allowed testimony of defendant's wife. (2) Prejudicial opinion testimony improperly admitted was plain error. (3) Counts one and two of the information are fatally defective. (4) Evidence was insufficient to show lack of consent on the part of the victim.

---

**1.** Since amended by § 76–5–402.1 and § 76–5–403.1, respectively (Supp.1983).

## PRIVILEGED COMMUNICATIONS

Defendant claims that he should have been allowed to invoke his marital privilege enunciated in § 78–24–8 and prevent Lori from testifying for the State without his consent. Defendant contends that the trial court's subsequent denial of his motion for a mistrial constituted prejudicial error.

Section 78–24–8(1) provides as follows: A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor can either during the marriage or afterwards be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, nor for the crime of deserting or neglecting to support a spouse or child, nor where it is otherwise specially provided by law.

Lori testified that she lived with her husband and two children at a given address and that her husband was the defendant. She was married to the defendant at age 15 and she had a sister who babysat for her between April and December of 1981 during the hours that she was away at work. She explained her rotating work schedule as a nurse's aide and her days off, as well as her husband's work shifts. She described the different rooms of the home and when and how her sister was transported to and from her home. There was no cross-examination. Nothing was elicited about any communications between Lori and the defendant. Nothing was volunteered about any communications. Defendant took the stand and testified about his and his wife's work schedules and admitted that the victim babysat for his children during the time at issue here.

■■■ Rule 23(2) of the Utah Rules of Evidence [2] in existence at the time of de-

---

**2.** Since amended to align them with Federal Rules of Evidence, effective September 1, 1983.

fendant's trial grants a criminally accused the privilege to prevent his spouse from testifying to confidential communications between them while they were husband and wife. The committee note to Rule 23, Rules of Evidence, as adopted by this Court, effective July 1, 1971, explicates that "[s]ubdivision (2) modifies § 78–24–8(1) prohibiting one spouse from testifying against the other and limits the privilege to confidential communications." That explication is dispositive here. No testimony was elicited on any communication between the parties. We note that under the new Rules of Evidence (effective September 1, 1983), Rule 501 provides that privilege is governed by the common law except as modified by statute or court rule. Whether § 78–24–8(1) envisions an absolute privilege to prevent a spouse from testifying without the consent of the other, or whether that privilege pertains to communications only, is an issue we leave for another day. To successfully claim prejudicial error, the defendant must show that there is a reasonable likelihood that absent his wife's testimony the jury would have returned a different verdict. *State v. Eaton*, Utah, 569 P.2d 1114, 1116 (1977) and cases there cited. The testimony of Lori was corroborated by defendant's own statements. Testimony by the victim's father further corroborated that given by her. At best, her testimony was cumulative. If error was committed, it was harmless. Defendant's claim that Lori's decision to take the stand against him was prejudicial in that it showed her loyalty to her sister and not to him is without merit. Defendant himself testified to the bitter divorce proceedings between the parties and the alignment of the parties' loyalties was never in question.

## OPINION TESTIMONY

■ Defendant's claim that Officer Welby Scott's testimony was improperly admitted and prejudicial to his case must be rejected. Defendant raised no objection in the trial court and points to nothing in the record to support his claim of prejudicial error. Absent exceptional circumstances,

we decline to address an issue first raised on appeal. *State v. Steggell*, Utah, 660 P.2d 252, 254 (1983).

## FATALLY DEFECTIVE INFORMATION

Defendant next alleges that count one of the information charging him with rape and count two charging him with sodomy were fatally defective in that they failed to state with specificity the date or time on which the alleged offenses occurred. Failure to charge him with specific acts, he argues, violated his right to be informed of the charges against him, denied him due process of law as contemplated by the sixth and fourteenth amendments to the United States Constitution, and denied him the opportunity to consider the very critical defense of alibi.

■ Rule 12 of the Utah Rules of Criminal Procedure, U.C.A., 1953, § 77–35–12, provides in pertinent part as follows:

(b) Any defense, objection or request, including requests for rulings on the admissibility of evidence, which is capable of determination without the trial of the general issue may be raised prior to trial by written motion. The following shall be raised at least five days prior to the trial:

(1) Defenses and objections based on defects in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense, which objection shall be noticed by the court at any time during the pendency of the proceeding.

The failure to timely raise defenses or objections constitutes waiver under Utah R.Crim.P. 12(d). An offense may be charged by using the name given to the offense by common law or by statute or by stating in concise terms the definition of the offense sufficient to give the defendant notice of the charge. The time of the commission of the offense need not be alleged unless necessary to charge the offense. Utah R.Crim.P. 4(b). The defendant must disclose to the prosecutor before trial infor-

mation relating to alibi. Utah R.Crim.P. 16(c).

■ No motion was made before or at trial objecting to the charging language. No disclosure was made to the prosecution that the defendant intended to assert the defense of alibi. No contention is made that the statute of limitations may have run. The information contained the common law terms "rape" and "forcible sodomy," referred to the statutes governing those charges, and mentioned the degree of felony and the age of the victim as under 14. It gave the general time frame within which the offenses occurred. In the probable cause statement there were cited 25–30 incidents of sexual intercourse over a period of six months and one incident of forcible sodomy in the summer of 1981. There was thus nothing constitutionally infirm in apprising the defendant of the offenses charged, and absent a defense of alibi, time was not necessary to charge the offense.

Defendant relies on *State v. Foster*, 87 N.M. 155, 530 P.2d 949 (1974); *State v. Cooper*, 114 Utah 531, 201 P.2d 764 (1949); *State v. Waid*, 92 Utah 297, 67 P.2d 647 (1937); *State v. Nelson*, 52 Utah 617, 176 P. 860 (1918); and *State v. Jensen*, 34 Utah 166, 96 P. 1085 (1908) to support his contentions. In *State v. Foster*, supra, the defendant was charged with one act of sodomy happening on or about August, 1973. The victim testified to three acts: one in late August, another a week later and the last act about a month later. At the trial it was uncertain for which act the defendant was being tried. The last act was witnessed by the victim's guardian and he testified concerning it. The court on appeal observed that evidence of the two earlier acts would have been inadmissible if he were being tried for the third. The court found the information void for failure to give the defendant notice of the charges against him. By comparison, in the instant case, the defendant was not charged with an act of rape occurring on a specific date which could have been confused with an act on another date. To the contrary, count one charges the defendant with an act of sexual intercourse during the period from June, 1981 to January, 1982. The victim testified to many acts during that period. In order to convict the defendant of rape, the jury had only to find one act committed during that period. Count two, the sodomy count, referred to only one act and the victim testified to only one act, the exact date of which she could not pinpoint. The information complied with Utah R.Crim.P. 4(b). See *State v. Wilson*, Utah, 642 P.2d 394 (1982).

■ The other cases cited by defendant do not deal with the precise problem here. *State v. Jensen*, supra, dealt with a conviction on a second information for which the defendant had never been committed and held to answer by a committing magistrate. *State v. Nelson*, supra, dealt with the conviction for an offense for which no preliminary examination was had or waived and no information was filed. The defendant there was given a preliminary exam for one offense and then subjected to trial for another. No such error was claimed or committed here. In *State v. Waid*, supra, where the defense was alibi, we remanded the case for a new trial in spite of defendant's failure to object to erroneous instructions requiring the wrong standard of proof, as the error was palpable and prevented a fair trial. We see no such constitutional infirmities in the case under review. In *State v. Cooper*, supra, this Court in dictum recognized that the issue of time might be important where alibi is a defense or where there is a danger of exposing the defendant to double jeopardy. The instructions to the jury in the instant case clearly referred to an act of sexual intercourse during a stated period of time and to one act of sodomy within a shorter period. The jury convicted the defendant for those acts so that he cannot be placed twice in jeopardy for any such acts occurring during those time periods.

## INSUFFICIENCY OF EVIDENCE OF LACK OF CONSENT

■ Defendant next claims that lack of consent as charged in the information was

not proven and that it was a necessary element of the offense, without which he could not have been convicted of rape and forcible sodomy. Section 76–5–406(7) supplies the answer. An act of sexual intercourse, sodomy, or sexual abuse is without consent of the victim when the victim is under 14 years of age. The information contained the date of birth of the victim in the probable cause statement and mentioned her age under both counts. The jury was instructed that acts of sexual intercourse and sodomy are without consent of the victim where the victim is under 14 years of age. The age of the victim was established at trial and no other evidence was required to prove lack of consent.

The conviction is affirmed.

HALL, C.J., DURHAM, J., and DAVID SAM, District Judge, concur.

STEWART, J., does not participate herein.

DAVID SAM, District Judge, sat.

OAKS, J., having resigned, does not participate herein.