The STATE of Utah, Plaintiff
and Respondent,

v.

William Jay ROBBINS, Defendant
and Appellant.

No. 19953.

Supreme Court of Utah.

Nov. 4, 1985.

Rehearing Denied Nov. 26, 1985.

John T. Caine, Ogden, for defendant and appellant.

David L. Wilkinson, Sandra S. Sjogren, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant William Jay Robbins was charged with and convicted of sexual abuse

of a child in violation of U.C.A., 1953, § 76–5–404.1 (Supp.1983), and sentenced to serve an indeterminate term of five years to life with a minimum mandatory sentence of three years. The original information filed by the State alleged that the offense took place "on or about the 4th day of February, 1984" at a stated address in Kaysville, Utah. Approximately two weeks later, after the State had learned of the existence of the defendant's alibi defense to the dates charged, the State filed an amended information alleging that the offense took place "on or about the first two weeks in February, 1984," at the same address in Kaysville. Trial was set for April 23, 1984.

On April 13, 1984, Robbins filed a notice of alibi. The notice stated that Robbins intended to present testimony and documentary evidence showing he was not in Kaysville from noon on February 3, 1984, to late afternoon on February 5, 1984.

At pretrial, Robbins moved for a bill of particulars to specify the date, time, and place of the alleged offense. The trial court denied the motion and a motion to quash the information. The case went to trial with no more precise specification of the date of offense alleged than appeared in the information. Robbins also moved to waive trial by jury, and the court denied the motion. Because Robbins has not brought up a transcript of the trial proceedings on the appeal, we have no record before us of what happened during trial, except that Robbins was found guilty as charged.

On appeal, Robbins claims that (1) Rule 17(4)(c), Utah R.Crim.P. (U.C.A., 1953, § 77–35–17(4)(c)) (1982 ed.), which permits a prosecutor to veto a defendant's waiver of jury trial is unconstitutional, and (2) it was prejudicial error for the trial court not to require the State to provide the defendant more specific information as to the time of the alleged offense, especially because the defendant had an alibi defense for the date on which the information initially alleged that the offense took place.

## I.

■ Robbins' claim that he has a right to waive jury trial without the State's consent is without merit. Both this Court and the United States Supreme Court have held that there is no constitutional right to a trial by a judge rather than a jury. *E.g., Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *State v. Davis,* Utah, 689 P.2d 5, 12–13 (1984); *State v. Studham,* Utah, 655 P.2d 669 (1982). These cases hold that the right to have a case tried by a judge is founded only in rules of procedure and that Rule 17(4)(c), Utah R.Crim.P. (§ 77–35–17(4)(c)), and its federal counterpart, simply make a defendant's right to have a case tried by a judge subject to the prosecutor's approval.

Robbins relies on language from *Singer* to claim that he is entitled to a non-jury trial because the instant case is one where prejudicial publicity made it impossible for him to receive an impartial jury trial. However, there is nothing before the Court that even suggests that Robbins was denied a fair trial because his case was tried to a jury. *State v. Davis, supra,* 689 P.2d at 13.

## II.

Robbins' second contention is that the trial court committed prejudicial error in refusing to order a bill of particulars specifying when the alleged offense occurred. The information alleged that the offense occurred sometime within a two-week period, thereby requiring Robbins to prepare a defense for each day of the two-week period.

■ Rule 4(b), Utah R.Crim.P. (§ 77–35–4(b)), states that when time is not a statutory element of the offense charged, an information need not state when the charged offense occurred. Time is not an express element of the statute under which Robbins was charged. *See* § 76–5–404.1. However, "due process requires that an accused be given sufficiently precise notification of the date of the alleged crime so that he can prepare his defense." *McNair*

*v. Hayward,* Utah, 666 P.2d 321, 326 (1983). If an information does not adequately notify an accused of what he or she is charged with, a defendant has a right to a bill of particulars. U.C.A., 1953, § 77–14–1; Rule 4(b), Utah R.Crim.P. (§ 77–35–4(b)). The granting of a motion for a bill of particulars in such circumstances is not discretionary. *See State v. Solomon,* 93 Utah 70, 71 P.2d 104 (1937).

■ A bill of particulars is not a device to enable defendants to obtain a preview of the prosecution's evidence. *State v. Lack,* 118 Utah 128, 134, 221 P.2d 852, 855 (1950). However, an accused is entitled to whatever information the prosecutor has that may be useful in helping to fix the date, time, and place, of the alleged offense. § 77–14–1. *See State v. Solomon, supra.* Courts of other jurisdictions agree. *E.g., State v. Barnes,* 242 La. 102, 134 So.2d 890 (1961); *State v. Petry,* W.Va., 273 S.E.2d 346, 351–52 (1980).

■ In this case, Robbins moved for a bill of particulars after the State had amended the information to charge that the alleged offense occurred "on or about the first two weeks of February, 1984," rather than "on or about the 4th day of February, 1984." The trial court denied Robbins' motion, but the record does not reveal why. Under the circumstances, the defendant was entitled to know whether the change in the information was made in good faith or to avoid the defendant's alibi defense; however, the defendant asked for no clarification and did not move for a hearing on the point.

We recognize that children are often not able to identify with a high degree of reliability, and sometimes not at all, when an event in the past took place. *See generally, State v. Hutton,* 232 Kan. 545, 657 P.2d 567 (1983); *State v. Swallow,* S.D., 350 N.W.2d 606 (1984). Nevertheless, there are usually some temporal reference points which a child, or an adult close to the child, will know of and which will serve to fix the event in time with some specificity. In all events, it is the duty of the trial court to require the State to give the defendant the best information it has as to when the alleged crime took place. In this case, the defendant clearly was entitled to more than the broad statement in the information that the crime took place within a two-week period if the prosecution had any information whatsoever that would have narrowed the time period and to some explanation for the change in the allegation in the information, given the circumstances of the case.

To affirm a reversal of his conviction, Robbins must show prejudicial error. *State v. Jones,* Utah, 657 P.2d 1263, 1267 (1982). Since the record is silent as to why the motion for a bill of particulars was denied, "we do not presume either error or prejudice." *State v. Hamilton,* 18 Utah 2d 234, 239, 419 P.2d 770, 773 (1966). To show prejudicial error, Robbins had to show that the denial of his motion for a bill of particulars deprived him of the opportunity to assert a defense he reasonably might have had against the charges.

Since Robbins has not supplied a trial transcript on appeal, we are unable to determine whether Robbins was unable at trial to mount whatever defense or defenses he had against the charges. Since there is no record evidence showing that Robbins was prejudiced by a lack of a bill of particulars, we must assume the regularity of the proceedings below and affirm the judgment. *State v. Jones,* 657 P.2d at 1267; *State v. Hamilton,* 18 Utah 2d at 239, 419 P.2d at 773.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.