**STATE of Utah, Plaintiff and Appellant,**

v.

**Ray WILCOX, Defendant and Appellee.**

**No. 890224.**

Supreme Court of Utah.

Jan. 25, 1991.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellant.

Michael D. Esplin, Provo, for defendant and appellee.

ZIMMERMAN, Justice:

The State of Utah appeals from the dismissal of a criminal prosecution for sexual abuse of a child. The trial court granted a motion by defendant Ray Wilcox to dismiss the information on the ground that the State had violated his right to adequate notice under the Utah Constitution by not giving him a written specification of the date, time, and place of the offense charged. The court held that by alleging that the instances of abuse occurred over a thirty-two-month period, the information did not charge Wilcox with sufficient specificity to permit him to establish an adequate defense. On appeal, the State argues that the period of time covered by the allegations was not unreasonable under the circumstances. We agree, reverse the dismissal, and remand to the trial court for further proceedings.

The alleged victim was born in September of 1984. Shortly after her birth, her parents separated. From January of 1985 until September of 1987, the child lived approximately half the time with her paternal grandparents and the remainder of the time with her maternal grandparents.

In the fall of 1987, the paternal grandparents took the child to the Intermountain Sexual Abuse Treatment Center ("ISAT"), where the child was interviewed by a therapist. During these interviews, the child allegedly mentioned incidents of sexual abuse at the hands of the maternal grandfather, defendant Ray Wilcox.

The State claims further that in November and December of 1987, the child was examined by a doctor, who allegedly concluded that she showed "some physical evidence of the possibility" that she had experienced anal penetration with some kind of object. At the time of the examination, the doctor estimated that the physical scarring was at least eight to ten weeks old.

In February of 1988, the child was referred to a clinical psychologist at ISAT for therapy. On two occasions, the child allegedly discussed the instances of abuse. The therapist and the psychologist both testified at the preliminary hearing that the child was very reluctant to discuss the abuse and that she had named "Grandpa Wilcox" as the abuser. According to this testimony, in none of the interviews was the child able to affix a certain or even approximate date or time to the abusive activities, except that she allegedly did tell the psychologist that some of the abuse had occurred around Christmastime.

Wilcox was charged with one count of sodomy on a child and one count of sexual abuse of a child. *See* Utah Code Ann. §§ 76–5–403.1, –404.1 (1990). The information alleged that Wilcox had committed the offenses "on or between January, 1985, and September 4, 1987."

In October of 1988, Wilcox filed a demand that the State "specify in writing as particularly as known to the prosecuting attorney the place, date and time of the commission of the offense charged," pursuant to section 77–14–1 of the Utah Code. The State did not respond to this demand, and Wilcox sought to dismiss the information for failure to comply with the demand. The State responded to the motion to dismiss, arguing that it had provided Wilcox with the best information it had and that Dr. Palmer had indicated that a child as young as the alleged victim would have a difficult time relating to any time frame, even holidays.

The district court denied Wilcox's motion to dismiss, finding that "because of the age of the alleged victim and the corroborating

supportive allegations proposed by the State of Utah that the State of Utah has provided Defendant, Ray Wilcox, with the best evidence it has under the difficult circumstances of this case." Wilcox filed a motion to reconsider. The court then entered an order reversing its position and granting Wilcox's motion to dismiss, not on the ground that the State had failed to provide the best information it had, but that the filed information denied him his right to adequate notice of the charges against him, as guaranteed by the Utah Constitution. In so doing, the court stated that the "time period between January of 1985 and September 4, 1987, approximately 32 months in length, [alleged in the information] is too broad a time period to allow a Defendant an opportunity to determine if he has an adequate defense such as an alibi." The State appeals. *See* Utah R.Crim.P. 26(3)(a).

We note at the outset that although findings of fact by the trial court "shall not be set aside unless clearly erroneous," Utah R.Civ.P. 52(a) (made applicable to criminal appeals by Utah R.Crim.P. 26(7)), we accord a trial court's conclusions of law no particular deference, reviewing them for correctness. *Henretty v. Manti City Corp.*, 791 P.2d 506, 510 (Utah 1990); *State ex rel. Division of Consumer Protection v. Rio Vista Oil, Ltd.*, 786 P.2d 1343, 1347 (Utah 1990). Here, the question of the adequacy of the notice given defendant is one of law.

In seeking reversal, the State argues that the failure to specify the time, date, and place of the offenses did not violate Wilcox's right to notice under the Utah Constitution because the time frame specified was reasonable under all the circumstances, considering the age of the child and the continual nature of the contact between the child and Wilcox. *See, e.g., State v. Becker*, 351 N.W.2d 923, 927 (Minn.1984); *see also State v. Williams*, 363 N.W.2d 911, 914 (Minn.Ct.App.1985); *State v. Swallow*, 350 N.W.2d 606, 608 (S.D.1984). In response, Wilcox argues that the allegation of incidents of abuse occurring over such a long time period

prevents him from formulating defenses, particularly alibi defenses, to a degree that it denies him his constitutional right to notice.

We first consider the state constitutional provisions that grant a defendant a right to adequate notice of the charged offense. The right to adequate notice may be based on the general due process clause in article I, section 7 of the Utah Constitution. Utah Const. art. I, § 7. It may also be based on the more specific guarantee in article I, section 12, which states that "the accused shall have the right ... to demand the nature and cause of the accusation against him, [and] to have a copy thereof." Utah Const. art. I, § 12. With regard to the issues presented here, this court has held that the analysis under the due process clause is not different from that required by article I, section 12. *State v. Fulton*, 742 P.2d 1208, 1214 (Utah 1987), *cert. denied*, 484 U.S. 1044, 108 S.Ct. 777, 98 L.Ed.2d 864 (1988). Essentially, the constitutional question is whether "a criminal defendant [is] sufficiently apprised of the particulars of the charge to be able to 'adequately prepare his defense.'" *Id.* (quoting *State v. Burnett*, 712 P.2d 260, 262 (Utah 1985)).

In determining whether a defendant has been denied this right, we follow a rather elaborate analysis that focuses on Utah Rule of Criminal Procedure 4(e) and section 77–14–1 of the Code, the provisions that implement the constitutional guarantee. *See* Utah R.Crim.P. 4(e); Utah Code Ann. § 77–14–1 (1990). Only after we have found that a defendant has not waived the rights the statute and rule provide do we decide whether the notice given was adequate. *See Fulton*, 742 P.2d at 1215.

As *Fulton* explained, the notice to which a defendant is constitutionally entitled may come through one or all of three sources: the charging information, a response to a bill of particulars under rule 4(e) of the Utah Rules of Criminal Procedure, or a response, under section 77–14–1 of the Code, to a demand for the place, date, and time of the offense charged. *See Fulton*, 742 P.2d at 1214. Utah law pro-

vides that a defendant who so requests is entitled as a matter of right to both a bill of particulars and a specification of the date, place, and time of the charged crime. *Id.; State v. Robbins,* 709 P.2d 771, 773 (Utah 1985); *see also State v. Solomon,* 93 Utah 70, 75, 71 P.2d 104, 106 (1937). However, if a defendant fails to request a bill of particulars or make demand for the date, place, and time under section 77–14–1 and a response to either of these would have cured the claimed deficiency, then he or she will be deemed to have waived the constitutional right to adequate notice. *Fulton,* 742 P.2d at 1215.

■ If the defendant has not waived the right to more specific information and the State has responded with the best information it has, or if the defendant has not requested additional information but the information if requested would not have given further notice, then we proceed to determine whether the notice supplied to the defendant is constitutionally adequate. *Id.* The right to adequate notice in the Utah Constitution requires the prosecution to state the charge with sufficient specificity to protect the defendant from multiple prosecutions for the same crime and to give notice sufficient for the one charged to prepare a defense. *Id.* at 1214; *State v. Strand,* 720 P.2d 425, 427 (Utah 1986); *State v. Bundy,* 684 P.2d 58, 62 (Utah 1984); *State v. Myers,* 5 Utah 2d 365, 371, 302 P.2d 276, 279 (1956).

■ Because of the almost infinite variety of circumstances where the question may arise, there are few ironclad rules for determining the adequacy of notice beyond the requirement that the elements of the offense be alleged. *See* Utah R.Crim.P. 4(a). In the area of variance between the allegations and the proof at trial, we have some helpful precedent. *See, e.g., State v. Marcum,* 750 P.2d 599, 601–02 (Utah 1988); *Strand,* 720 P.2d at 428; *State v. Burnett,* 712 P.2d 260, 262 (Utah 1985); *McNair v. Hayward,* 666 P.2d 321, 326 (Utah 1983); Utah R.Crim.P. 30(a). But outside that area, a challenge to the constitutional adequacy of notice inevitably draws us into a generalized weighing of the completeness of the notice and its adequacy for the defendant's purposes against the background of the information legitimately available to the prosecuting authority.[1]

In that regard, we have recognized that there are notice problems, especially as to the date, place, and time, inherent in prosecutions based on the testimony of very young victims. For example, in *Robbins,* we noted that "children are often not able to identify with a high degree of reliability, and sometimes not at all, when an event in the past took place." *Robbins,* 709 P.2d at 773; *see also Marcum,* 750 P.2d at 601 (seven-year-old gave "inconsistent and

---

1. This process is not, as the dissent suggests, a balancing of a "defendant's constitutional right to fair notice against the exigencies of prosecuting a child abuse case." Rather, it is a balancing to determine whether the notice given a defendant of the case against him is adequate under the Utah Constitution.

Justice Stewart apparently would impose as a constitutional requirement an independent and irreducible minimum threshold for specificity as to time by which the State's case must be measured at the preliminary hearing. If the evidence in the possession of the State is not specific enough to meet the standard, the State may not pursue the charges. We cannot agree. The Utah constitutional guarantee of notice entitles defendants to information available to the prosecution. As long as a defendant is sufficiently apprised of the State's evidence upon which the charge is based so that the defendant can prepare to meet that case, the constitutional requirement is fulfilled.

Justice Stewart's concern seems to stem from deep misgivings about the operational inadequacy of the presumption of innocence, as well as the ease of bringing and the difficulty of defending against charges of child sexual abuse. *See State v. Bullock,* 791 P.2d 155, 161 (Utah 1989) (Stewart, J., dissenting); *State v. Webb,* 779 P.2d 1108, 1114–16 (Utah 1989) (Stewart, J., writing for majority on question of sufficiency of evidence). This concern certainly may be well-founded in certain circumstances. *See generally State v. Rimmasch,* 775 P.2d 388 (Utah 1989). However, the constitutional adequacy of the evidence in this case is not the issue before this court today; rather, it is whether Wilcox is sufficiently apprised of the evidence supporting the case against him to prepare a defense against that case. We should not distort the constitutional notice analysis by importing considerations that may be appropriate under other constitutional provisions.

sometimes conflicting accounts of where the abuse took place"). The problem of young children who are unable to specify a date on which abuse occurred or a location where it occurred is exacerbated by situations in which the abuse occurred on many occasions over a long period of time, a not-uncommon occurrence. *See, e.g., State v. Rimmasch,* 775 P.2d 388, 390 (Utah 1989); *Marcum,* 750 P.2d at 601; *State v. Loughton,* 747 P.2d 426, 428–29 (Utah 1987); *State v. Walker,* 743 P.2d 191, 193 (Utah 1987); *State v. Lairby,* 699 P.2d 1187, 1191 (Utah 1984), *overruled in part, State v. Ossana,* 739 P.2d 628 (Utah 1987); *Bundy,* 684 P.2d at 60. If we were to hold that in all such circumstances, no offense could be charged because the alleged victim is too young to testify with certainty concerning the time, dates, or places where the abuse occurred, we would leave the youngest and most vulnerable children with no legal protection. An abuser could escape prosecution merely by claiming that the child's inability to remember the exact dates and places of the abuse impaired the abuser's ability to prepare an alibi defense.

In frank recognition of this fact, we have been less vigorous in requiring specificity as to time and place when young children are involved than would usually be the case where an adult is involved. *Compare McNair,* 666 P.2d at 326 & n. 8 (in case charging adult, seventeen-day disparity between charge and proof held to exceed tolerance of one to three days usually permitted for such disparities under charging allegation of "on or about") *with Bundy,* 684 P.2d at 62 (information alleging rape and forcible sodomy of a child over eight-month period held to have sufficient specificity). We have suggested that so long as the elements of the crimes are covered by the factual allegations and the defendant is fully apprised of the State's information regarding the time, place, and date of the crimes, any lack of factual specificity goes not to the constitutional adequacy of the notice, but to the credibility of the State's case. *Fulton,* 742 P.2d at 1213 n. 6.

▬ We turn to the present case. The first issue is whether Wilcox waived his rights to more specific information. He did not. He properly and timely filed a request for a bill of particulars and a demand for the place, date, and time of the offense. The State responded to these requests, and Wilcox does not claim that the State failed to offer all information that it had in its possession; rather, he complains only that more detailed time and date information was unavailable. We have, then, no grounds for concluding that the State did not comply with its statutory obligation to "specify in writing as particularly as is known to [the prosecuting attorney] the place, date and time of the commission of the offense charged." Utah Code Ann. § 77–14–1 (1990).

▬ This takes us to the constitutional question, which requires us to determine whether the lack of specificity (i) impaired Wilcox's ability to prepare a defense, or (ii) exposed him to multiple prosecutions for the same crime. Addressing the first of these issues, Wilcox acknowledges that the reason more specific time and date information was unavailable is because the alleged victim was a three-year-old child who could not remember with any precision the dates when the alleged abuse occurred, although she did contend that it occurred often during a period extending back to her infancy. However, Wilcox claims that because of the lack of specificity as to times and dates, he was deprived of the ability to prepare an alibi defense.

▬ This claim fails for two reasons. First, time does not become an element of an offense merely because the defendant pleads an alibi defense. *Fulton,* 742 P.2d at 1213. Therefore, Wilcox has no statutory or constitutional right to a charge framed so as to facilitate an alibi defense. Second, it is doubtful that an alibi defense is a realistic possibility because Wilcox had continual contact with the child half of the time over the thirty-two-month period. *See State v. D.B.S.,* 216 Mont. 234, 700 P.2d 630, 634 (1985). Under these circumstances, we conclude that Wilcox has not shown any specific harm to his defense that he likely will suffer as a result of the lack of exact dates and times.

This is not a situation in which the lack of specificity compromises the defense, as it would if Wilcox had had contact with the child only once or twice, so that specific dates and times were critical. *See Marcum,* 750 P.2d at 601; *Bundy,* 684 P.2d at 62. Nor is the lack of specificity of dates in the information likely to mislead Wilcox into preparing a defense oriented toward a crime different from that actually argued by the prosecution at trial. *Cf. State v. Burnett,* 712 P.2d 260, 262.

■■■ This leads us to the second prong of the constitutional analysis: whether Wilcox is in danger of being charged twice for the same offense because of the lack of specificity. *See Bundy,* 684 P.2d at 62. Article I, section 12 of the Utah Constitution forbids multiple prosecutions for the same offense, as does section 76–1–403 of the Code. *See* Utah Const. art. I, § 12; Utah Code Ann. § 76–1–403(1) (1990).[2] We conclude that given the breadth of the charging allegations and the vagueness of the proof as to time, place, and date, these provisions would preclude Wilcox from any additional prosecutions for child sexual abuse on the same victim during the time period alleged in the complaint. *See McNair,* 666 P.2d at 325–26; *see also D.B.S.,* 700 P.2d at 635 (construing similar Montana state constitutional provision). Once a prosecutor chooses to prosecute on such vague allegations, a necessary quid pro quo under our constitutional notice provision is that to protect the defendant from double jeopardy, the prosecutor should be precluded from bringing further charges that fall within the general description of the charging allegations. This demonstrates that the notice given to Wilcox is adequate to satisfy the second prong of the constitutional test.

Section 76–1–403(1) of the Code states: If a defendant has been prosecuted for one or more offenses arising out of a single criminal episode, a subsequent prosecution for the same or a different offense arising out of the same criminal episode is barred if:

(a) The subsequent prosecution is for an offense that was or should have been tried under Subsection 76–1–402(2) in the former prosecution; and

(b) The former prosecution:

(i) resulted in acquittal; or

(ii) resulted in conviction; or

(iii) was improperly terminated; or

(iv) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution.

Utah Code Ann. § 76–1–403(1) (1990).

We conclude that Wilcox received constitutionally adequate notice of the charged offense. His ability to prepare a defense was not unduly impaired, and the lack of specificity does not place him in danger of multiple prosecutions for the same crime.

In holding that the vague date specification in the information is permissible, we recognize that the time period is limited by the applicable statute of limitations. *See Fulton,* 742 P.2d at 1213; *Bundy,* 684 P.2d at 62; *McNair,* 666 P.2d at 326. That is, however, not an issue in this case.

For the reasons stated above, we reverse the decision of the trial court granting defendant's motion to dismiss and remand the case for further proceedings.

HALL, C.J., HOWE, A.C.J., and DURHAM, J., concur.

STEWART, Justice: (dissenting).

I dissent.

The constitutional right to fair notice of a criminal charge is the right of a defendant to be "apprised of the particulars of the charge [so as] to be able to 'adequately prepare his defense.' " *State v. Fulton,* 742 P.2d 1208, 1214 (Utah 1987) (quoting *State v. Burnett,* 712 P.2d 260, 262 (Utah 1985), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 777, 98 L.Ed.2d 864 (1988)). *See also State v. Robbins,* 709 P.2d 771 (Utah 1985).

---

**2.** Article I, section 12 of the Utah Constitution provides, "[N]or shall any person be twice put in jeopardy for the same offense." Utah Const. art. I, § 12.

"Fair notice" requires that there be some relevant time period specified in the pleadings, at least if the evidence so permits, and it does in this case. In *McNair v. Hayward*, 666 P.2d 321, 326 (Utah 1983), the Court stated that *"time is always an essential element of a crime in the sense that due process requires that an accused be given sufficiently precise notification of the date of the alleged crime [so] that he can prepare his defense."* (Emphasis added.)

The Court balances a defendant's constitutional right to fair notice of a relevant time frame against the exigencies of prosecuting a child abuse case. The majority opinion states that "a challenge to the constitutional adequacy of notice inevitably draws us into a generalized weighing of the completeness of the notice and its adequacy for defendant's purposes against the background of the information legitimately available to the prosecuting authority." When a constitutional right is "balanced" against a competing policy, there is the ever-present threat that the "balancing" results in the disappearance of the constitutional right. Here, the majority focuses solely on the difficulties presented to the prosecution in dealing with a very young child and gives no real weight to the constitutional right of fair notice. Although the majority gives lip service to a defendant's right to notice, it holds that the right diminishes to whatever extent the exigencies of the prosecution require, and in this case, that means no notice at all in any realistic sense. Such a "right" is illusory, as is clear from the majority opinion:

> We have suggested that so long as the elements of the crimes are covered by the factual allegations and the defendant is fully apprised of the *State's information* regarding the time, place, and date of the crimes, any lack of factual specificity goes not to the constitutional adequacy of the notice, but to the credibility of the State's case.

(Emphasis added.) Thus, the defendant's constitutional right to fair notice of when the crime charged against him occurred is transformed into some vague issue of "credibility of the State's case."

As the majority opinion observes, our cases have not required that there be "certainty concerning the time, dates, or places where the abuse occurred," but they do make clear that the due process right of notice is a substantial right. *See McNair*, 666 P.2d at 326. That right is not just a right of notice of the prosecution's evidence; more importantly, it is the right of a defendant not to be confronted with a case that presents a moving target. That is what is involved here. The State has charged that Wilcox committed offenses "on or between January, 1985, and September 4, 1987," but refuses to specify any particular time or period within that allegation.

Thus, under the Court's ruling, it is only necessary to apprise the defendant of the evidence against him for the entire time period, irrespective of whether that evidence provides any temporal notice to the defendant. However, the State need not bind itself to any particular time frame suggested by the evidence. Thus, the State can avoid a claim of variance and present a case that becomes a moving target for the defendant.

The evidence indicates that a possible act of abuse may have taken place around Christmastime, but the State refuses to limit its case to that period, and the Court condones the State's action. Now, the State may prove an act at that time *or* at any other time during the thirty-two-month period alleged. The charge of sodomy on a child is based solely on testimony of one person that there was a "possibility" (not a probability) that the child experienced anal penetration with some kind of object and that the "possible act" took place eight to ten weeks prior to the physical examination on which that testimony was based.[1] Again, the State refuses to allege that as a relevant time period. In short, even though the evidence identifies a relevant

---

1. Furthermore, testimony as to a "possible" act of sodomy ought not to be admissible in any event. If a medical doctor cannot testify to something that is more likely than a "possibility" in a criminal case, the evidence should not be allowed.

time frame for the sodomy charge, the State is free to contend that the "possibility" of sodomy occurred at any time during the thirty-two-month period alleged in the information. I think it is unconscionable to allow the State to place a defendant in such a position as Wilcox finds himself. In my view, the majority eviscerates the due process right referred to in *McNair*.

The majority asserts that all the defendant loses by the prosecution's inability to give some reasonable specification of dates and times is the ability to prepare an alibi defense. The majority states:

> Therefore, Wilcox has no statutory or constitutional right to a charge framed so as to facilitate an alibi defense. Second, it is doubtful that an alibi defense is a realistic possibility because Wilcox had continual contact with the child half of the time over the thirty-two-month period.... Under these circumstances, we conclude that Wilcox has not shown any specific harm to his defense that he likely will suffer as a result of the lack of exact dates and times.

Apart from the effect of the majority's ruling, which makes an alibi defense impossible, there is no basis for the majority's factual conclusion that the defendant has "no realistic possibility" of an alibi defense because Wilcox had "continual contact with the child half of the time over the thirty-two-month period." If there were some time specification, the defendant might have an alibi defense during the time he had custody. The Court's assertion is a self-fulfilling prophecy, since it is impossible to prove one's whereabouts for a thirty-two-month period, or even half that time—the period the Wilcoxes had custody of the child.

Other serious obstacles to the defense occur as a result of the lack of fair notice. The defendant has no realistic possibility of producing any other defense—except an attack on the prosecution's case by cross-examination. The defendant will not be able to call any witnesses to testify as to his conduct on a given occasion because the prosecution will always be able to assert that the crime occurred on another occa-

sion. Thus, the defendant is prevented from producing witnesses who might testify, for example, that on a particular occasion some alleged act of abuse was merely a hygenic act performed for the child or was some other innocuous and innocent activity. If the defendant waives his right not to testify, he may testify and deny that he ever abused the child, but such a denial against this charge is not likely to be effective, even if true. In short, when faced with a charge that abuse might have occurred at any time during a thirty-two-month period, a defendant is all but defenseless, except insofar as he can attack the prosecution's witnesses on cross-examination.

But even cross-examination will avail Wilcox little by way of a defense because the two key prosecution witnesses are a social worker and a psychologist whose testimony cannot be fairly cross-examined because they will testify to hearsay statements made to them by the child. Effective cross-examination regarding hearsay statements relayed by those witnesses is virtually impossible. Furthermore, the critical witness, the social worker to whom the child first made an accusation against the defendant, did not videotape her sessions with the child—a highly unprofessional lapse, in my view, and one that makes cross-examination even more futile.

It follows from the majority opinion that an averment of a crime in the statutory language specifying covering the elements of the offense is all that is necessary to satisfy a defendant's *constitutional right* of notice as to time, even though the evidence indicates that the allegations could be connected to a particular time. The result is paradoxical. The weaker and more amorphous the prosecution's case is, the less notice the defendant receives and the less chance the defendant will have of defending, other than by cross-examination. In addition, the State's case is rendered immune from a claim that there was a fatal variance. In short, although the defendant is presumed innocent, he is effectively stripped of any realistic possibility of defending against the charges.

In my view, the trial court, faced with a difficult issue, reached a correct and courageous conclusion. I would affirm the trial court. If the defendant goes to trial on the information in this case, the result is virtually foreordained.